2008 WY 15

**In the Interest of DSB, minor child.**

**JA, Appellant (Respondent),**

**v.**

**State of Wyoming, Department of Family Services, Appellee (Petitioner).**

No. S–07–0097.

Supreme Court of Wyoming.

Feb. 8, 2008.

Representing Appellant: Orintha E. Karns of Brown, Drew & Massey, LLP, Casper, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Ellen Rutledge, Senior Assistant Attorney General; Stacey L. Obrecht, Assistant Attorney General. Argument by Ms. Rutledge.

Guardian Ad Litem: Mary Ann Budenske, Poverty Law Center of Wyoming, Inc., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] JA (Mother) appeals from the juvenile court's ruling that she neglected her minor son, DSB (the child). She claims the juvenile court did not have subject matter jurisdiction over the neglect action instituted by the State of Wyoming, Department of Family Services (DFS) because the adjudicatory hearing was not held within 90 days after the original petition was filed.

[¶ 2] We conclude the juvenile court did not lose jurisdiction to consider the neglect action under the circumstances of this case and affirm.

## ISSUES

[¶ 3] Mother presents the following issues for review:

A. Does a violation of the statutorily mandated ninety (90) day time limit within which a juvenile court must hold an adjudicatory hearing result in a loss of subject matter jurisdiction?

B. In the alternative, what is the appropriate remedy for a violation of the statutorily mandated ninety (90) day time limit within which a juvenile court must hold an adjudicatory hearing?

DFS phrases the issues as:

I. Whether this Court lacks jurisdiction to hear this appeal due to appellant's failure to file a notice of appeal in Juvenile Action No. 9903.

II. Whether subject matter jurisdiction, after being acquired, is lost from failure to adhere to the statutory procedural requirements.

III. Whether the juvenile court abused its discretion in dismissing the first action without prejudice?

The guardian ad litem also presented a brief on appeal but did not identify any additional or different issues.

## FACTS

[¶ 4] The underlying facts of this case generally are not important to the resolution of this appeal. We will, therefore, only relate those aspects of the facts and course of proceedings that are pertinent to the issues presented.

[¶ 5] On October 16, 2006, the child was placed in protective custody because Mother left him with an elderly gentleman who suffered from dementia and Alzheimer's disease. DFS filed a petition on October 18, 2006, alleging that Mother had neglected the child. At the shelter care hearing held that same day, the juvenile court gave DFS legal and physical custody of the child. The court scheduled the initial hearing for November 3, 2006, at which time Mother was to admit or deny the allegations of the neglect petition. She did not appear at that hearing.

[¶ 6] Mother finally appeared for her initial hearing on November 27, 2006, and formally denied the allegations of the neglect petition. The juvenile court scheduled the adjudicatory hearing for January 31, 2007—105 days after the petition was filed. Two days before the adjudicatory hearing, Mother filed a motion to dismiss the case. She argued that the juvenile court had lost subject matter jurisdiction over the neglect action under the relevant Wyoming statutes because more than 90 days had passed since the petition was filed and the neglect action should be dismissed with prejudice.

[¶ 7] The juvenile court held a hearing on Mother's motion to dismiss at the time scheduled for the adjudicatory hearing. After reviewing the statutory language and the course of proceedings in the case, the juvenile court concluded that dismissal of the petition was appropriate. It ruled, however, that the dismissal would be without prejudice and allowed DFS to re-file the case. DFS did so immediately, and a combined initial and adjudicatory hearing was held later that day.

[¶ 8] After the combined hearing, the juvenile court found that the child had been neglected by Mother. Mother filed a notice of appeal in the second case, appealing from the juvenile court's order after the initial and adjudicatory hearing. Although she attached the order dismissing the first case without prejudice as an appendix to her notice of appeal, she did not expressly state that she was appealing that order.

## DISCUSSION

### 1. *Appellate Jurisdiction*

■ [¶ 9] Initially, we must consider DFS's claim that we do not have jurisdiction over the questions presented here because Mother did not appeal from the order dismissing the first case without prejudice. This issue implicates the subject matter jurisdiction of this Court. Subject matter jurisdiction is an issue of law that may be raised at any time by any party or by the court on its own motion. *Thunder Basin Coal Co. v. Campbell County*, 2006 WY 44, ¶ 36, 132 P.3d 801, 813 (Wyo.2006); *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, ¶ 33, 109 P.3d 893, 902 (Wyo.2005).

■ [¶ 10] In general, jurisdiction is "the power to hear and determine the matter in controversy between the parties." *McGuire v. McGuire*, 608 P.2d 1278, 1290 (Wyo.1980). It is "conferred when a court has general power over matters of the type involved in the particular case; the proceeding is initiated in the particular manner required; and there is notice to the parties." *DB v. State of Wyo., Dep't of Family Servs. (In re MFB)*, 860 P.2d 1140, 1146 (Wyo. 1993); *McGuire*, 608 P.2d at 1290. Subject matter jurisdiction, specifically, is "the power to hear and determine cases of the general class of which the proceeding belongs." *DF v. MLM (In re MKM)*, 792 P.2d 1369, 1373 (Wyo.1990). Subject matter jurisdiction either exists or it does not, and "before proceeding to a disposition on the merits, a court should be satisfied it does have the requisite jurisdiction." *Id.* With regard to appellate jurisdiction, W.R.A.P. 1.03 states in relevant part: "The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional." W.R.A.P. 2.07(a) requires that the appellant identify in the notice of appeal the judgment or appealable order appealed.

■ [¶ 11] As indicated above, Mother only appealed from the order following the combined initial and adjudicatory hearing in the second case. Although she attached the order dismissing the first case to her notice of appeal, she did not indicate that she was appealing from that order. DFS claims that Mother failed to comply with W.R.A.P. 1.03

because she did not appeal from the order dismissing the first case and her "entire argument" relates to that case as opposed to the second case. We disagree.

[¶ 12] As explained in more detail below, Mother claims that the juvenile court lost subject matter jurisdiction over the entire neglect action because it failed to hold a hearing within 90 days of the filing of the original petition. That argument carried forward in the second case. The juvenile court recognized the continued viability of the subject matter jurisdiction issue in the second case and stated:

> Any objections at this time [to] proceeding forward to adjudication, understanding, Counsel, that the prior objection and request for the matter to be dismissed with prejudice would remain of record[?] And, obviously, I understand you're not waiving that objection that you made in that previous case and would allow that argument to be incorporated by reference here for purposes of the dismissal that it should have been with prejudice in [the first action].

[¶ 13] We, therefore, conclude that the issue of whether the juvenile court had subject matter jurisdiction over the neglect action was effectively joined in the second case and this Court has jurisdiction to consider the issue despite the fact that Mother did not file a notice of appeal of the order dismissing the first case without prejudice.

### 2. *Juvenile Court's Jurisdiction Over Neglect Action*

■ [¶ 14] The Wyoming constitution and statutes grant the juvenile courts subject matter jurisdiction over neglect matters. Wyo. Const. art. 5, § 29 authorizes the legislature to create juvenile courts as needed and provides that "[s]uch courts shall have such jurisdiction as the legislature may by law provide." Pursuant to the Child Protection Act, Wyo. Stat. Ann. §§ 14–3–401 through 14–3–440 (LexisNexis 2007), the juvenile courts have jurisdiction over neglect proceedings. Thus, the juvenile court had "the power to hear and determine the general class of cases in which this proceeding belonged." *DB*, 860 P.2d at 1147. *See also, JW v. State*

*ex rel. Laramie County Dep't of Public As-sist. & Social Servs. (In re WM)*, 778 P.2d 1106, 1111 (Wyo.1989); *DF*, 792 P.2d at 1373. The question in this case is whether the juvenile court lost subject matter jurisdiction over the entire neglect action when it failed to comply with the procedural requirements set forth in the statutes.

[¶ 15] Section 14–3–426 articulates the procedural requirements for initial appearances on child neglect petitions. That section states in relevant part:

> (a) At their initial hearing, which may be held after a shelter care hearing or a transfer hearing, the child and his parents, guardian or custodian shall be advised by the court of their rights under law and as provided in this act. They shall also be advised of the specific allegations in the petition and given an opportunity to admit or deny them. . . .
>
> (b) If the allegations of the petition are denied, the court may, with consent of the parties, proceed immediately to hear evidence on the petition or it may set a later time not to exceed sixty (60) days for an adjudicatory hearing, unless the court finds good cause to delay or postpone the hearing. **In no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed.** Only competent, relevant and material evidence shall be admissible at an adjudicatory hearing to determine the truth of the allegations in the petition. If after an adjudicatory hearing the court finds that the allegations in the petition are not established as required by this act, it shall dismiss the petition and order the child released from any shelter care (emphasis added).

*Id. See also,* § 14–3–409(c) (delineating the same time requirements when the allegations are denied during a shelter care hearing).

[¶ 16] Mother claims that the failure of the juvenile court to hold an adjudicatory hearing within 90 days of the filing of the original petition resulted in a loss of subject matter jurisdiction over the entire neglect

matter. We must interpret the relevant statutory provisions to determine whether the legislature intended to revoke the juvenile court's subject matter jurisdiction under these circumstances.

[¶ 17] In resolving this issue, we review the juvenile court's decision *de novo* by applying our well established rules of statutory interpretation. *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 43, ¶ 9, 154 P.3d 331, 334 (Wyo.2007).

> "We look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute."

*RME Petroleum Co. v. Wyo. Dep't of Revenue*, 2007 WY 16, ¶¶ 25, 28, 150 P.3d 673, 683–84 (Wyo.2007) (citations omitted).

*Id.,* ¶ 13, 154 P.3d at 335.

> "When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent."

*State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo.1983).

*Id.,* ¶ 15, 154 P.3d at 335. The question of whether a statute is ambiguous is a matter of law to be determined by the court. *Id.,* ¶ 13, 154 P.3d at 335.

[¶ 18] The statutory language regarding the time for holding an adjudicatory hearing is plain and unambiguous.[1] Sections 14–3–

---

1. DFS directs us to cases from other jurisdictions to aid in the interpretation of the Wyoming stat-utes at issue here. We do not find these cases to

409(c) and 14–3–426(b) clearly state that "in no case" shall a hearing be held more than 90 days after the petition was filed. Thus, under the clear language of the statutes, after a respondent denies the allegations of a neglect petition, the juvenile court must hold an adjudicatory hearing no later than 90 days after the petition was filed.

[¶ 19] Unfortunately, the statutes do not include a statement of the appropriate remedy for failing to follow the statutory deadline. *DB* involved a prior statute which stated that, if the allegations of the petition were denied, the juvenile court was required to "set" an adjudicatory hearing within "a time not to exceed sixty (60) days." *DB*, 860 P.2d at 1148. In response to the appellant's claim that the juvenile court had lost subject matter jurisdiction over the neglect proceeding by failing to meet the statutory deadline, we stated that an unequivocal expression from the legislature is required before a juvenile court loses subject matter jurisdiction over a neglect action for a violation of the statutory language and that no such unequivocal expression was included in the statutes in effect at that time. *Id.* at 1149.

[¶ 20] Likewise, §§ 14–3–409 and 14–3–426 do not state that the failure to hold an adjudicatory hearing within 90 days results in a loss of subject matter jurisdiction over the alleged incident of neglect; nor, do they state that the action cannot be dismissed without prejudice and re-filed. Thus, there is no unequivocal language in the relevant statutes stating that the juvenile court loses subject matter jurisdiction to consider the alleged neglect, such that a dismissal with prejudice is required, when the statutory deadline is violated.

[¶ 21] We presume that the legislature is aware of all existing law on a particular subject relating to a newly enacted or amended statute. *Longfellow v. State*, 803 P.2d 1383, 1388 (Wyo.1991). When it was considering the provisions of the Child Protection Act, which was originally adopted in 1997 and has since been amended, the legislature was presumably aware of our statement in *DB* that in order to establish that a

be particularly helpful because of the vagaries in

court loses jurisdiction over a matter for violation of a statutory deadline an unequivocal expression of that intent is necessary. The language adopted by the legislature in §§ 14–3–409 and 14–3–426 did not accomplish that result.

### 3. *Remedy for Violating Statutory Deadline*

[¶ 22] Having concluded that the juvenile court did not lose subject matter jurisdiction over the neglect action, we turn to the question of the appropriate remedy when the statutory deadline is violated. In order to give effect to the statutory language in §§ 14–3–409 and 14–3–426, the juvenile court in this case decided the appropriate remedy was to dismiss the neglect petition without prejudice and give DFS the opportunity to re-file the charges. Mother argues that if DFS is allowed to re-file the charges after the original 90 day deadline has expired, the purpose of the deadline is undermined. We agree that statutes must be construed in light of their objective purposes. *DF*, 792 P.2d at 1374. We do not, however, agree that allowing the juvenile court to dismiss the petition without prejudice and give DFS the opportunity to re-file the neglect charges undermines the purposes of the relevant statutes.

[¶ 23] The purpose of the 90 day deadline is, obviously, to ensure a relatively speedy resolution of child protection matters to reduce the amount of uncertainty in the child's life and prevent an undue infringement on the constitutionally protected parent-child relationship. However, as is obvious from its title, the overriding purpose of the Child Protection Act and similar statutes is to protect children. *See DF*, 792 P.2d at 1374 (discussing the purposes of the statutes in effect at that time).

[¶ 24] Moreover, in *DB* we recognized that the parties have some responsibility for making sure the statutory deadline is followed. We stated that the proper remedy for the juvenile court's failure to set a timely hearing is "a motion to the juvenile court for a prompt hearing" and, if such a motion is not acted upon in a timely fashion by the

statutory language.

juvenile court, a "petition for a writ of habeas corpus may be filed in this court seeking release of the minor." *DB,* 860 P.2d at 1150. We do not believe that the legislative modification to the statute after *DB,* which requires that the adjudicatory hearing be held within 90 days after the petition is filed, completely relieved the parties of the obligation to ensure the statutory deadlines are followed.

[¶ 25] By dismissing the petition without prejudice, the juvenile court placed the burden on DFS to re-file the charges. Although it did not happen in this case, DFS may, in some instances, decide not to re-file the neglect allegations, resulting in an end to the action. Moreover, as recognized in *DB,* the parent has a responsibility to seek a timely resolution of the matter. To allow a parent to delay the proceedings, fail to call the court's attention to the timing problem, and then qualify for a dismissal of the proceedings with prejudice when the juvenile court fails to meet the statutory deadline would certainly undermine the goal of protecting children. Although we were interpreting a different statute in *DF,* 792 P.2d at 1374, our observation in that case that "[w]e cannot think of a result more absurd than to cause a vulnerable child to become unprotected while under the protective wing of our court system" is still accurate. The juvenile court's decision to dismiss the action without prejudice placed the burden on DFS to re-file the charges and encourages parties to draw the court's attention to a timing problem, while discouraging parents from taking actions to delay the proceedings in hopes of securing a final dismissal of the action.

[¶ 26] Finally, in a vague argument, Mother suggests that the juvenile court's decision to remedy the statutory violation by dismissing the action without prejudice and giving DFS the opportunity to re-file the charges violated her due process rights. The party claiming a due process violation has the burden of demonstrating a protected interest and that "such interest has been affected in an impermissible way." *DH v. Wyo. Dep't of Family Servs. (In re "H" Children),* 2003 WY 155, ¶ 38, 79 P.3d 997, 1008 (Wyo.2003). "Actions infringing upon

the parent-child relationship may affect fundamental rights, thereby entitling parents to due process." *Id.,* ¶ 39, 79 P.3d at 1008.

[¶ 27] Mother's argument is a procedural due process argument, focusing on the delay in adjudication and the effect that such a delay may have on her ability to take the steps necessary to accomplish reunification with the child. We have said that reasonable notice and the opportunity for a fair hearing are the touchstones of procedural due process. *Chevron,* ¶ 31, 154 P.3d at 341. In this case, despite the fact that the adjudicatory hearing was delayed, Mother was provided with those protections.

[¶ 28] Moreover, Mother made no showing that the technical statutory violation restricted her efforts toward reunification with the child. In fact, there is no indication in the record that she was prejudiced in any way by the delay in holding the adjudicatory hearing. Thus, Mother has not established that her right to due process of law was affected in an impermissible way. *See generally, DH,* ¶ 48, 79 P.3d at 1011 (indicating that appellant had failed to establish a procedural due process violation, in part, because she did not show that she was prejudiced by the procedures used in her case).[2]

## CONCLUSION

[¶ 29] The plain language of the Child Protection Act does not unequivocally state that the juvenile court loses subject matter jurisdiction over the incident of neglect when it violates the statutory requirement that an adjudicatory hearing be held within 90 days after the petition was filed. Moreover, the legislature did not state that the petition could not be dismissed without prejudice and re-filed. The juvenile court gave due attention to the 90 day deadline, while still protecting the child, by dismissing the petition without prejudice and giving DFS the opportunity to re-file the neglect allegations.

[¶ 30] Affirmed.

---

2.  Our rulings effectively dispose of all of Mother's appellate issues. Consequently, we will not consider DFS's additional argument that the ju-

venile court did not abuse its discretion by dismissing the first case without prejudice.