# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 114

**APRIL TERM, A.D. 2014**

**September 16, 2014**

IN THE INTEREST OF JM, a minor.

RM,

Appellant
(Respondent),

v.

THE STATE OF WYOMING,

Appellee
(Petitioner).

S-14-0034

*Appeal from the District Court of Park County*
The Honorable Steven R. Cranfill, Judge

*Representing Appellant:*
Matthew D. Winslow of Keegan & Winslow, P.C., Cody, Wyoming.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General. Argument by Ms. Kucera.

*Guardians ad Litem:*
Dan S. Wilde, Deputy Director, Wyoming Guardian ad Litem Program; Aaron S. Hockman, Permanency Attorney, Wyoming Guardian ad Litem Program. Argument by Mr. Hockman.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\*Chief Justice at time of oral argument.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Justice.**

[¶1] After the Wyoming Department of Family Services (DFS) reported that JM, a minor child, was habitually missing school, a county attorney filed a neglect petition against RM (Mother). The juvenile court conducted a hearing and found that Mother had neglected JM by failing to provide adequate education for his well being. Mother appeals from the order of neglect, claiming she was entitled to notice and counseling from the school district before the neglect petition was filed, she did not receive notice or counseling, and the juvenile court was, therefore, without jurisdiction to adjudicate the petition. We affirm.

## ISSUE

[¶2] Mother states the issue for this Court's determination as follows:

> Whether Wyoming law requires a school district to counsel a parent and give her actual notice of the consequences of further absences before referring a matter for juvenile proceedings on [an] allegation of juvenile neglect.

The State asserts the compulsory attendance statutes upon which Mother relies do not apply when a juvenile petition is filed by a prosecuting attorney under the Child Protection Act on the basis of a complaint from DFS alleging neglect. The guardian ad litem (GAL) appointed on JM's behalf similarly contends a school district's responsibility to counsel a parent regarding a child's unexcused absences creates no duty and has no bearing on DFS's duty to investigate allegations of neglect.

## FACTS

[¶3] In early May of 2013, a social service worker for DFS learned that JM had missed thirty-six days of school since January 2013 and thirty of those days were unexcused. The previous semester, he had missed twelve days of which eleven were unexcused. The social worker also learned that the school had attempted to notify Mother of JM's absences by sending three letters in February and April 2013 and twice trying to reach her in person in April. At the time the social worker contacted the school, JM had failing grades in all of his classes.

[¶4] On May 9, 2013, a deputy county attorney filed a petition in juvenile court alleging that JM was a neglected child as defined in Wyo. Stat. Ann. § 14-3-402(a)(xii)(A) and/or (B) (LexisNexis 2013) because his Mother had failed to provide adequate education for him. The county attorney attached to the petition an affidavit signed by the DFS social worker setting forth the basis for the allegation of neglect. The same day, the juvenile court entered an order appointing a guardian ad litem for JM pursuant to Wyo. Stat. Ann.

1

§ 14-3-416 (LexisNexis 2013). A few days later, the juvenile court issued an order requiring Mother to appear before the court for an initial hearing. Mother appeared and denied the allegations. The juvenile court ordered JM to remain in the custody of his mother under the supervision of DFS and to complete the school district's summer education program.

[¶5] Two months later, the juvenile court conducted an adjudicatory hearing on the neglect petition. After hearing the witness testimony and arguments of counsel, the juvenile court entered an order finding that Mother had neglected JM by failing to provide adequate education. The court further ordered that JM was to remain in the custody of Mother under the supervision of DFS and to attend school. Mother appealed from the order.

## STANDARD OF REVIEW

[¶6] Mother contends the compulsory attendance statutes applied to this juvenile neglect proceeding and the school district failed to comply with those statutes. Determining whether the statutes apply involves statutory interpretation, which is a question of law reviewed *de novo*. *J.A. v. State*, 2008 WY 15, ¶ 17, 176 P.3d 633, 637 (Wyo. 2008). We also review *de novo* Mother's assertion that the juvenile court did not have subject matter jurisdiction to adjudicate the petition. *SC v. State*, 2013 WY 2, ¶ 20, 294 P.3d 866, 872 (Wyo. 2013).

## DISCUSSION

[¶7] Mother contends that before the allegations of neglect were referred to the county attorney, the school district was required to give her notice and counseling. In support of her contention, she relies upon the compulsory attendance provisions found in Wyo. Stat. Ann. §§ 21-4-101 through 21-4-107 (LexisNexis 2013). Specifically, she points to the following provision:

**§ 21-4-104. Duties of attendance officers.**

(a) Subject to the policy of the board of trustees, it shall be the duty of each attendance officer to:
(i) Counsel with students, parents, guardians or custodians and teachers; and to investigate the causes of unexcused absences;
(ii) Give written notice to the parent, guardian, or custodian of any child having an unexcused absence that the attendance of such child at school is required by law. If after such notice has been given, the child has a second unexcused absence, which the attendance officer reasonably believes

2

was due to the willful neglect or failure of the parent, guardian, or custodian of the child, then he shall make and file a complaint against such parent, guardian, or custodian of such child before the district court for the violation of W.S. 21-4-102.

Mother contends compliance with this provision is a prerequisite to filing a petition in juvenile court.

[¶8] The State and GAL respond that the compulsory attendance statutes did not apply to the proceedings in this case; rather, the proceedings were governed by the child protective services statutes, §§ 14-3-201 through 14-3-215 (LexisNexis 2013), and the Child Protection Act, §§ 14-3-401 through 14-3-441 (LexisNexis 2013). Pursuant to the child protective services statutes, the State and GAL assert that upon receiving a report of suspected child neglect, DFS was required to assess the report, contact the person suspected of causing the neglect and, upon determining the best interest of the child required legal proceedings, contact the prosecuting attorney to initiate such proceedings. Pursuant to the Child Protection Act, the State and GAL contend the prosecuting attorney was then required to determine whether the best interest of the child required judicial action and, upon making that determination, file a petition with the court. The State argues DFS and the prosecuting attorney fully complied with all of the statutory requirements applicable to this juvenile neglect proceeding. The GAL maintains the compulsory attendance statutes address the duties of the school districts and simply do not pertain to DFS.

[¶9]    When interpreting statutory language:

> [T]he paramount consideration is to determine the legislature's intent, which must be ascertained initially and primarily from the words used in the statute. We look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

*Office of State Lands & Inv. v. Mule Shoe Ranch, Inc.*, 2011 WY 68, ¶ 13, 252 P.3d 951, 954-55 (Wyo. 2011), quoting *Dorr v. Smith, Keller & Assoc.*, 2010 WY 120, ¶ 11, 238 P.3d 549, 552 (Wyo. 2010).

[¶10]  Pursuant to § 14-3-205 of the child protection statutes: "any person who knows or has reasonable cause to believe or suspect that a child has been abused or neglected . . . shall immediately report it" to DFS or law enforcement.  Section 14-3-202(a)(vii) defines "neglect" to include "a failure or refusal by those responsible for the child's welfare to provide adequate . . . education."  Section 14-3-204(a)(iii) requires DFS to assess all reports of neglect, to contact the person who is the subject of the report, and to advise him or her of the allegations.  Section 14-3-204(a)(viii) provides:  "When the best interest of the child requires court action, [DFS shall] contact the county and prosecuting attorney to initiate legal proceedings and shall assist the county and prosecuting attorney during the proceedings."

[¶11]  Section 14-3-411 of the Child Protection Act provides in pertinent part:

> Complaints alleging a child is neglected shall be referred to the office of the district attorney.  The district attorney shall determine whether the best interest of the child requires that judicial action be taken. . . .  The district attorney shall prepare and file a petition with the court if he believes action is necessary to protect the interest of the child.

[¶12]  Upon the filing of a neglect petition, the juvenile court is required to issue and cause to be served upon the parent of the child an order to appear at an initial hearing.  Sections 14-3-413 and 14-3-414.  At the initial hearing, the parent is to be advised of the allegations in the petition and given an opportunity to admit or deny them.  Section 14-3-426.  If the allegations are denied, the parent is entitled to a full evidentiary hearing.  *Id*.  If, after the adjudicatory hearing, the court finds the child is neglected, it must enter a decree to that effect.  *Id*.

[¶13]  It is clear from the record in this case that DFS, the prosecuting attorney and the juvenile court complied with the requirements of the child protective services statutes and the Child Protection Act.  Upon a report of child neglect, DFS contacted Mother and the school.  Based on its assessment, DFS concluded it was in the child's best interest to contact the prosecuting attorney who then determined it was in the child's best interest to file a neglect petition in juvenile court.  Mother was properly ordered to appear in court and advised of the allegations and, upon her denial of the allegations, she received an adjudicatory hearing.  After hearing the testimony and considering the evidence, the juvenile court concluded Mother neglected the child by failing to provide him an education.

[¶14]  Nothing in the child protective services statutes or the Child Protection Act references the compulsory attendance statutes or makes compliance with them a prerequisite to filing a neglect petition in juvenile court.  The compulsory attendance statutes likewise do not reference the child protection statutes nor do they impose any

4

duties on DFS, prosecuting attorneys or the juvenile courts in child neglect proceedings. There is no question Mother was entitled to notice and an opportunity to be heard, both of which she received, before being found by the juvenile court to have neglected her son. But the school's compliance, or lack thereof, with the compulsory attendance statutes simply has no bearing on the obligations of DFS, prosecuting attorneys or the courts in child protection proceedings. The intent of the legislature is clear that child neglect must be reported; DFS must assess the allegations and, upon determining the best interest of the child requires it, contact the prosecuting attorney; and the prosecuting attorney must file a neglect petition if he or she determines the child's best interest requires it. None of these mandatory requirements is conditioned on the child's school counseling the parent or providing written notice to the parent concerning the unexcused absences.

[¶15] Just as the child protective services statutes and Child Protection Act delineate the obligations of DFS, prosecuting attorneys and the juvenile courts in child protection proceedings, the compulsory attendance statutes set forth the duties of parents, children and school district boards of trustees concerning school attendance. Parents are required to send their children to public or private school or provide home schooling. Section 21-4-102. Children are required to attend school. *Id.* School district boards of trustees are responsible for enforcing the compulsory attendance statutes and appointing an attendance officer. Section 21-4-103. Attendance officers are required to counsel with students, parents and teachers, investigate the causes of unexcused absences, give notice to the parent that the child's attendance at school is required by law and, upon a second unexcused absence and a determination that it is due to the willful neglect of the parent, make a complaint against the parent in court.[1] Pursuant to § 21-4-105, a parent who willfully fails to comply with the compulsory attendance statutes is guilty of a misdemeanor. Pursuant to § 21-4-107, when a school district board of trustees determines that a child is an habitual truant, the board or its attendance officer is required to notify the prosecuting attorney who must then initiate delinquency proceedings under the Juvenile Justice Act, §§ 14-6-201 through 14-6-252 (LexisNexis 2013).

[¶16] It is true that under the compulsory attendance statutes a school attendance officer is required to counsel with students, parents and teachers, investigate unexcused absences and give parents notice that a child's attendance is required. Those requirements, however, have no bearing on DFS's obligations under the child protective services statutes and Child Protection Act. The compulsory attendance statutes create duties as to children, parents and school districts, not as to DFS. They provide for alternative

---

[1] The exact language of § 21-4-104(a)(ii) is that the attendance officer "shall make and file a complaint against such parent, guardian, or custodian of such child before the district court for violation of W.S. 21-4-102." Given § 21-4-105, which makes a parent's failure to comply with the compulsory attendance laws a misdemeanor, the "complaint" referenced in § 21-4-104(a)(ii) would seem to be a criminal complaint. However, only a prosecuting attorney can "file" a criminal complaint. Moreover, a misdemeanor complaint can only be filed in circuit court, not district court. The language of these provisions is perplexing to say the least and some revisions would seem to be in order.

procedures when a child is an habitual truant—one against the parent in criminal court and another involving the child under the Juvenile Justice Act. Those procedures do not apply when DFS receives a report that a child is being neglected.

[¶17] Affirmed.