# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 128

APRIL TERM, A.D. 2015

September 18, 2015

BARRY SCOTT,

Appellant
(Petitioner),

v.

S-15-0060

BOARD OF TRUSTEES OF FREMONT COUNTY
SCHOOL DISTRICT NUMBER ONE,

Appellee
(Respondent).

*Appeal from the District Court of Fremont County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*
    Vance T. Countryman, Vance T. Countryman, PC, Lander, Wyoming.

*Representing Appellee:*
    Tracy J. Copenhaver, Copenhaver, Kath, Kitchen & Kolpitcke, LLC, Powell, Wyoming.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\* Justice Kite retired from judicial office effective August 3, 2015, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2015), she was reassigned to act on this matter on August 4, 2015.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]     Appellant, Barry Scott, challenges the district court's order affirming the decision of the Board of Trustees of Fremont County School District Number One to terminate Mr. Scott's employment.  He contends that the Board's decision was untimely and, as a result, the Board lacked subject matter jurisdiction.  We affirm.

## *ISSUE*

[¶2]     Mr. Scott presents one issue, which we reword as follows:

> Did the Board lose subject matter jurisdiction over this matter when it failed to issue a decision within twenty days after receiving the Hearing Officer's Recommended Findings of Fact and Conclusions of Law, as required by the Board's rules of practice?

## *FACTS*

[¶3]     Mr. Scott had been employed for seven years as the school district's activities director.  On October 23, 2013, he was arrested and charged with driving while under the influence of alcohol.[1]  He admitted to Superintendent Bowman that he had had too much to drink and should not have been driving.  He later informed Superintendent Bowman that his blood-alcohol content had been measured at 0.26%, more than three times the legal limit.

[¶4]     Mr. Scott had previously been convicted of driving under the influence.  When that occurred in 2011, he was suspended without pay for three days, and warned that failure to comply with the law could result in further disciplinary action, including termination of his employment.  After Mr. Scott was arrested again in 2013, Superintendent Bowman proposed to the Board that Mr. Scott's employment with the school district be terminated.

[¶5]     In accordance with his employment contract and the Board's policies, Mr. Scott requested a hearing.  The Board hired an attorney to act as the hearing officer, conduct the hearing, and submit proposed findings of fact, conclusions of law, and a recommended decision.  Following the hearing, the hearing officer submitted her recommendation to the Board.  She concluded that the Superintendent's proposal was

---

[1] Mr. Scott was not convicted.  The charge was dismissed after the circuit court ruled that the officer lacked probable cause to stop Mr. Scott, and suppressed the evidence of his intoxication.

1

supported by substantial evidence and recommended termination of Mr. Scott's employment. The Board adopted the hearing officer's findings and conclusions, and entered a decision terminating Mr. Scott's employment.

[¶6] Mr. Scott petitioned for judicial review. The district court affirmed the Board's decision. Mr. Scott appealed the district court's decision to this Court.

## *STANDARD OF REVIEW*

[¶7] Mr. Scott challenges the Board's subject matter jurisdiction. "The concept of subject matter jurisdiction is applicable equally to courts and administrative agencies. An agency does not have discretion in determining whether or not it has subject matter jurisdiction; subject matter jurisdiction either exists or it does not." *Amoco Production Co. v. Wyoming State Bd. of Equalization*, 7 P.3d 900, 904 (Wyo. 2000) (internal citations omitted). "Whether a court or agency has jurisdiction to decide a particular matter is a question of law, subject to *de novo* review." *Exxon Mobil Corp. v. Wyoming Dep't of Revenue*, 2011 WY 161, ¶ 24, 266 P.3d 944, 951 (Wyo. 2011).

## *DISCUSSION*

[¶8] The parties agree that the hearing in this matter was governed by the *Rules of Practice Governing Hearings and Contested Cases Before the Board of Trustees of Fremont County School District Number 1 and Procedures to Consider Recommended Findings from an Independent Hearing Officer*. Article III, Section 6(c) of those rules provides that "The decision of the Board to either adopt or reject the recommended Findings of Fact and Recommendation from an independent hearing officer . . . shall be issued in writing within twenty (20) days of receipt of the recommended Findings of Fact and Recommendation." Mr. Scott asserts that the Board failed to comply with the rule because its decision was made twenty-one days after receipt of the hearing officer's recommendation. Because the Board failed to take action within the time set by the rule, Mr. Scott contends that the Board lost subject matter jurisdiction to decide the case.

[¶9] The hearing in this matter was held on February 11, 2014. On March 20, 2014, the hearing officer sent her recommended findings and conclusions as an e-mail attachment to the two attorneys who had participated in the hearing. She mailed copies to Board members on the same date. On April 10, 2014, the Board entered its decision.

[¶10] The crux of Mr. Scott's argument is that the attorney who represented the Superintendent at the hearing also was acting as general counsel for the Board. Based on principles of agency, and citing *Stricker v. Frauendienst*, 669 P.2d 520, 522 (Wyo. 1983), Mr. Scott contends that receipt of the e-mailed recommendation by its counsel on March 20, 2014, constitutes constructive receipt by the Board. If the Board received the hearing officer's recommendation on March 20, 2014, its decision was untimely because

it occurred twenty-one days after receipt of the recommendation.

[¶11] The Board disagrees with Mr. Scott's assertion that the attorney who represented the Superintendent at the hearing was also acting as counsel for the Board with respect to that hearing. The Board contends that it did not receive the hearing officer's recommendation until its members received it in the mail. The hearing officer mailed her recommendation on March 20, 2014, which was a Thursday, and the Board asserts that its members could not have received the recommendation earlier than Monday, March 24, 2014. On this basis, the Board maintains that it took action on the recommendation within the twenty-day deadline set by its rules.

[¶12] It is unnecessary for us to resolve this dispute. Even if the decision was untimely, the Board did not lose jurisdiction. We have previously addressed a similar issue. In *JA v. State (In re DSB)*, 2008 WY 15, 176 P.3d 633 (Wyo. 2008), the Department of Family Services filed a petition in juvenile court alleging child neglect. Wyo. Stat. Ann. § 14-3-426(b) (LexisNexis 2007) provided that "In no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed." The hearing was held 105 days after the petition was filed. Mother claimed that "the failure of the juvenile court to hold an adjudicatory hearing within 90 days of the filing of the original petition resulted in a loss of subject matter jurisdiction over the entire neglect matter." *DSB*, ¶ 16, 176 P.3d at 637. We rejected her claim:

> Unfortunately, the statutes do not include a statement of the appropriate remedy for failing to follow the statutory deadline. [The case of *DB v. State of Wyo., Dep't of Family Services*, 860 P.2d 1140 (Wyo. 1993)] involved a prior statute which stated that, if the allegations of the petition were denied, the juvenile court was required to "set" an adjudicatory hearing within "a time not to exceed sixty (60) days." *DB*, 860 P.2d at 1148. In response to the appellant's claim that the juvenile court had lost subject matter jurisdiction over the neglect proceeding by failing to meet the statutory deadline, we stated that an unequivocal expression from the legislature is required before a juvenile court loses subject matter jurisdiction over a neglect action for a violation of the statutory language and that no such unequivocal expression was included in the statutes in effect at that time. *Id.* at 1149.
>
> Likewise, §§ 14-3-409 and 14-3-426 do not state that the failure to hold an adjudicatory hearing within 90 days results in a loss of subject matter jurisdiction over the alleged incident of neglect; nor, do they state that the action cannot be

3

dismissed without prejudice and re-filed. Thus, there is no unequivocal language in the relevant statutes stating that the juvenile court loses subject matter jurisdiction to consider the alleged neglect, such that a dismissal with prejudice is required, when the statutory deadline is violated.

*DSB*, ¶¶ 19-20, 176 P.3d at 638. We concluded that the juvenile court's untimely action did not deprive it of subject matter jurisdiction. We explained that

the proper remedy for the juvenile court's failure to set a timely hearing is "a motion to the juvenile court for a prompt hearing" and, if such a motion is not acted upon in a timely fashion by the juvenile court, a "petition for a writ of habeas corpus may be filed in this court seeking release of the minor."

*Id.*, ¶ 24, 176 P.3d at 638-39 (quoting *DB*, 860 P.2d at 1150).

[¶13] Although *DSB* involved juvenile court jurisdiction and statutory deadlines, the concept is easily transferred to the issues presented in this case. The Wyoming Administrative Procedure Act states that a person "aggrieved or adversely affected in fact by . . . agency action or inaction" is entitled to judicial review. Wyo. Stat. Ann. § 16-3-114(a) (LexisNexis 2015). It expressly provides that the reviewing court shall "Compel agency action unlawfully withheld or unreasonably delayed." *Id.*, § 16-3-114(c)(i). Thus, when an agency fails to comply with a deadline or other time limit, the aggrieved party may file a motion asking the agency for prompt action. If that motion fails, the aggrieved party may seek judicial review to compel the unlawfully withheld action. However, when an agency misses a statutory or regulatory deadline for taking action that does not result in a loss of subject matter jurisdiction unless that result is unequivocally specified in the applicable statute or regulation.

[¶14] There are a number of federal cases supporting this conclusion. For example, in *Kemira Fibres Oy v. United States*, 61 F.3d 866, 871 (Fed. Cir. 1995), the court cited "a line of Supreme Court cases" holding that "even in the face of a statutory timing directive, when a statute does not specify the consequences of non-compliance, courts should not assume that Congress intended that the agency lose its power to act." In *Central States Enterprises, Inc. v. Interstate Commerce Com.*, 780 F.2d 664, 673 (7th Cir. 1985), the court noted "that an administrative agency's failure to act timely does not necessarily strip it of jurisdiction to act where the underlying jurisdictional statutes [fail] to set forth a sanction for failure to comply with the statute's time table."

[¶15] In this case, the Board's rules of practice establish a twenty-day time limit for the Board to adopt or reject the hearing officer's recommendation. However, the rules do not

4

specify any consequence for non-compliance and there is nothing in the rules to suggest that missing the deadline strips the Board of subject matter jurisdiction. Accordingly, we reject Mr. Scott's claim that the Board lacked subject matter jurisdiction to render its decision.

[¶16]  Affirmed.