# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 80

**APRIL TERM, A.D. 2022**

**June 24, 2022**

IN THE INTEREST OF:

BC-K,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-21-0255

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*
>*Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.*

*Representing Appellee:*
>*Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, JJ., and JOHNSON, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    The State filed a delinquency petition against BC-K, a minor. The juvenile court held an adjudicatory hearing on the petition 153 days after the State filed its petition, and BC-K was adjudicated a delinquent. He appealed, claiming the juvenile court lost subject matter jurisdiction because it did not hold the adjudicatory hearing within the statutory ninety-day deadline. We affirm.

## *ISSUE*

[¶2]    The sole issue is whether the juvenile court lost subject matter jurisdiction when it failed to hold an adjudicatory hearing within ninety days of the State filing its petition, in accordance with Wyo. Stat. Ann. §§ 14-6-209(c) and 14-6-226(b) (LexisNexis 2021).

## *FACTS*

[¶3]    BC-K was adjudicated a delinquent on February 14, 2020, for property destruction and breach of peace. The juvenile court ordered him to be placed at the Wyoming Boys' School (WBS). The State amended its delinquency petition on November 3, 2020, a few weeks before BC-K was scheduled to be discharged from WBS. It alleged BC-K sexually abused two minors and showed them pornographic videos between July 2018 and February 2020.

[¶4]    BC-K denied the allegations at the November 6, 2020, initial hearing on the amended petition. He requested a jury trial on November 10, 2020. Wyoming Statutes §§ 14-6-209(c) and 14-6-226(b) require the juvenile court to hold an adjudicatory hearing within sixty days of the State filing its petition, or ninety days for good cause, and "[i]n no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed." At the November 18, 2020, status conference, the State said it was ready for trial. The court found good cause existed to extend the adjudicatory hearing beyond the sixty-day deadline because of COVID-19 concerns and the Wyoming Supreme Court's suspension of jury trials.[1] The court set the jury trial for April 5, 2021, 153 days after the amended petition was filed. BC-K did not object to the adjudicatory hearing being held beyond the statutory deadline.

[¶5]    BC-K waived his right to a jury trial and requested a bench trial, which remained set for April 5, 2021. After a two-day bench trial, BC-K was adjudicated a delinquent on three counts. The court ordered BC-K be returned to WBS for an indefinite period of time

---

[1] During this time, the Seventh and Eighth Orders Amending March 18, 2020 Temporary Plan to Address Health Risks Posed by the COVID-19 Pandemic were in effect. The Seventh Order suspended all jury trials until further notice. The Eighth Order went into effect on January 6, 2021 and permitted jury trials if the court adopted a jury trial operating plan and at the discretion of the judge.

not to exceed his twenty-first birthday, and also ordered him to register as a sex offender. BC-K timely filed an appeal.

## STANDARD OF REVIEW

[¶6]    BC-K argues the juvenile court lost subject matter jurisdiction over the case when it failed to hold the adjudicatory hearing within the ninety-day deadline. "The existence of subject matter jurisdiction is a question of law that we review *de novo*." *MH v. First Jud. Dist. Ct. of Laramie Cnty.*, 2020 WY 72, ¶ 4, 465 P.3d 405, 407 (Wyo. 2020) (quoting *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014)). This case requires us to interpret Wyo. Stat. Ann. §§ 14-6-209(c) and 14-6-226(b). "Questions of statutory interpretation are questions of law that we consider de novo." *Interest of RH v. State*, 2022 WY 33, ¶ 7, 505 P.3d 205,___ (Wyo. 2022) (citing *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 8, 486 P.3d 158, 160 (Wyo. 2021)).

## DISCUSSION

### I.      *The juvenile court did not lose subject matter jurisdiction after it failed to hold the adjudicatory hearing within the ninety-day statutory deadline.*

[¶7]    BC-K argues that §§ 14-6-209(c) and 14-6-226(b) require the juvenile court to dismiss a case with prejudice if the adjudicatory hearing is not held within ninety days of the State filing its amended petition. He contends the juvenile court lost jurisdiction after ninety days. Therefore, he argues, the judgment should be vacated, and his case should be dismissed with prejudice.

[¶8]    "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *MH*, 2020 WY 72, ¶ 5, 465 P.3d at 407 (quoting *Devon Energy Prod. Co., LP v. Grayson Mill Operating, LLC*, 2020 WY 28, ¶ 11, 458 P.3d 1201, 1205 (Wyo. 2020)). "If a court lacks subject matter jurisdiction, 'action taken by that court, other than dismissing the case, is considered to be null and void.'" *Id*. (quoting *Devon Energy*, 2020 WY 28, ¶ 11, 458 P.3d at 1205).

[¶9]    "Juvenile courts are courts of limited jurisdiction." *Interest of RR*, 2021 WY 85, ¶ 54, 492 P.3d 246, 261 (Wyo. 2021) (quoting *Int. of BG*, 2019 WY 116, ¶ 7, 451 P.3d 1161, 1163 (Wyo. 2019)). They "are the creation of the legislature and have powers only as expressly conferred by the legislature." *Id*. We have held the failure to meet a statutory deadline will not deprive a court of jurisdiction absent an unequivocal expression by the legislature that the deadline is jurisdictional. *Id*. at ¶ 58, 492 P.3d at 262 (quoting *BG*, 2019 WY 116, ¶ 10, 451 P.3d at 1164). We must determine whether §§ 14-6-209(c) and 14-6-226(b) contain an unequivocal expression that the juvenile court loses jurisdiction if the ninety-day deadline is not met.

[¶10]  Wyo. Stat. Ann. § 14-6-209(c) (LexisNexis 2021) reads, in pertinent part:

> The child shall be given an opportunity to admit or deny the allegations in the petition. . . . If denied, the court shall set a time not to exceed sixty (60) days for an adjudicatory hearing or a transfer hearing, unless the court finds good cause to delay or postpone the hearing. **In no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed.**

(emphasis added). Wyo. Stat. Ann. § 14-6-226(b) (LexisNexis 2021) reads, in pertinent part:

> If the allegations of the petition are denied, the court may, with consent of the parties, proceed immediately to hear evidence on the petition or it may set a later time not to exceed sixty (60) days for an adjudicatory or a transfer hearing, unless the court finds good cause to delay or postpone the hearing. **In no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed.**

(emphasis added).

[¶11]  When interpreting statutes, "'we seek the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute,' giving effect to every word, clause, and sentence." *Bernal-Molina v. State*, 2021 WY 90, ¶ 13, 492 P.3d 904, 908 (Wyo. 2021) (quoting *Blevins v. State*, 2017 WY 43, ¶ 27, 393 P.3d 1249, 1256 (Wyo. 2017)). "[T]he plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary. Where there is plain, unambiguous language used in a statute there is no room for construction." *Schneider v. State*, 2022 WY 31, ¶ 9, 505 P.3d 591, 594 (Wyo. 2022) (quoting *Cercy v. State*, 2019 WY 131, ¶ 21, 455 P.3d 678, 685 (Wyo. 2019)). "All statutes must be construed *in pari materia*; and in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony." *Matter of Longwell*, 2022 WY 56, ¶ 21, 508 P.3d 727, 733 (Wyo. 2022) (quoting *State ex rel. Dep't of Revenue v. UPRC*, 2003 WY 54, ¶ 12, 67 P.3d 1176, 1182 (Wyo. 2003)). The "omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them." *Hugus v. Reeder*, 2022 WY 13, ¶ 8, 503 P.3d 32, 34 (Wyo. 2022) (quoting *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004)).

[¶12]  We have interpreted prior versions of §§ 14-6-209(c) and 14-6-226(b), which contained the language, "the court shall set a time not to exceed sixty (60) days for an

adjudicatory hearing or a transfer hearing." *Interest of MFB*, 860 P.2d 1140, 1148 (Wyo. 1993). In *MFB*, the father filed a motion to dismiss the child neglect petition against him because the juvenile court did not hold an adjudicatory hearing within sixty days of his denial of the allegations. *Id*. The court denied his motion and found the father neglected his child. *Id*. at 1145. On appeal, this Court held the juvenile court did not lose jurisdiction.

> The legislature imposed no sanction for the failure of the juvenile court to set a time for a hearing within sixty days. We hold that it would require an unequivocal expression from the legislature for a violation of the statute's language to result in a lack of subject matter jurisdiction. *In re Kerr*, 481 A.2d at 1227.

*MFB,* 860 P.2d at 1149. We found the statutes did not contain unequivocal language divesting the juvenile court of jurisdiction after sixty days. *Id*.

[¶13]  The legislature amended §§ 14-6-209(c) and 14-6-226(b) after *MFB* and included the language, "In no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed." 2004 Wyo. Sess. Laws ch. 127, § 2 at 344, 346. BC-K argues the amendment expresses legislative intent that juvenile courts lose jurisdiction after ninety days. But his argument ignores our decision in *In re DSB*, where we interpreted nearly identical language to find the juvenile court retained jurisdiction over a child neglect case beyond ninety days. 2008 WY 15, ¶ 20, 176 P.3d 633, 638 (Wyo. 2008). Wyo. Stat. Ann. § 14-3-409(c) (LexisNexis 2021) states, in pertinent part:

> The court shall set a time not to exceed sixty (60) days for an adjudicatory hearing, unless the court finds good cause to delay or postpone the hearing. **In no case shall the court hold the adjudicatory hearing more than ninety (90) days after the date the petition is filed.**

(emphasis added). Wyo. Stat. Ann. § 14-3-426(b) contains the same language.

[¶14]  In *DSB*, the mother filed a motion to dismiss the child neglect petition against her because the juvenile court did not hold an adjudicatory hearing within ninety days of its filing, and the juvenile court dismissed the case without prejudice. *DSB*, 2008 WY 15, ¶¶ 6-7, 176 P.3d at 635. The Department of Family Services refiled its petition, and the court held the hearing and found the mother neglected her children. *Id*. at ¶¶ 7-8, 176 P.3d at 635. The mother appealed, arguing the court lost subject matter jurisdiction over the case when it failed to hold the hearing within the ninety-day deadline, and should have dismissed with prejudice. *Id*. at ¶ 16, 176 P.3d at 637. We held the juvenile court retained jurisdiction.

Unfortunately, the statutes do not include a statement of the appropriate remedy for failing to follow the statutory deadline. [*MFB*] involved a prior statute which stated that, if the allegations of the petition were denied, the juvenile court was required to "set" an adjudicatory hearing within "a time not to exceed sixty (60) days." *MFB*, 860 P.2d at 1148. In response to the appellant's claim that the juvenile court had lost subject matter jurisdiction over the neglect proceeding by failing to meet the statutory deadline, we stated that an unequivocal expression from the legislature is required before a juvenile court loses subject matter jurisdiction over a neglect action for a violation of the statutory language and that no such unequivocal expression was included in the statutes in effect at that time. *Id.* at 1149.

Likewise, §§ 14-3-409 and 14-3-426 do not state that the failure to hold an adjudicatory hearing within 90 days results in a loss of subject matter jurisdiction over the alleged incident of neglect; nor, do they state that the action cannot be dismissed without prejudice and re-filed. Thus, there is no unequivocal language in the relevant statutes stating that the juvenile court loses subject matter jurisdiction to consider the alleged neglect, such that a dismissal with prejudice is required, when the statutory deadline is violated.

*DSB*, 2008 WY 15, ¶¶ 19-20, 176 P.3d at 638.

[¶15]   The same is true here. Like §§ 14-3-409(c) and 14-3-426(b), §§ 14-6-209(c) and 14-6-226(b) do not include a statement of the appropriate remedy for failing to follow the statutory deadline. Because the legislature did not unequivocally state that a juvenile court loses subject matter jurisdiction if the ninety-day deadline is not met, the juvenile court did not lose jurisdiction over BC-K's case when it held the adjudicatory hearing past the ninety-day deadline. *See BG*, 2019 WY 116, ¶ 10, 451 P.3d at 1164 (holding the language of Wyo. Stat. Ann. § 14-3-431(b) "all orders issued under this act shall terminate with respect to a child adjudicated neglected, when he reaches eighteen (18) years of age" was an unequivocal expression that the juvenile court lost jurisdiction over the case).

[¶16]   The legislature did not amend §§ 14-3-409(c) and 14-3-426(b) after *DSB*. "[W]hen this Court interprets a statute and the legislature makes no material legislative change in the provision thereafter, the legislature is presumed to acquiesce in the Court's interpretation." *Mathewson v. State*, 2019 WY 36, ¶ 72, 438 P.3d 189, 213 (Wyo. 2019) (quoting *Marfil v. State*, 2016 WY 36, ¶ 23, 366 P.3d 969, 975 (Wyo. 2016)).

[¶17]   BC-K argues his case is distinguishable from *MFB* because it involved child neglect and not juvenile delinquency. However, statutes regarding child neglect and those regarding juvenile delinquency have the same objective. *See DSB*, 2008 WY 15, ¶ 23, 176 P.3d at 638 ("the overriding purpose of the Child Protection Act and similar statutes is to protect children"); *see also* Wyo. Stat. Ann. § 14-6-201(c)(i)-(c)(vi) (the purpose of the Juvenile Justice Act is to provide for the best interests of the child). We construe statutes *in pari materia* and "consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously." *Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 20, 452 P.3d 1276, 1282 (Wyo. 2019) (quoting *Wyo. Jet Ctr., LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019)). All four statutes fall under Title 14, Children. Although the statutes fall under different acts within the title, there is no reason to interpret their identical language differently, especially when the legislature has acquiesced in that interpretation. Doing so would lead to the absurd result that the legislature meant different things when it used identical language.

[¶18]   BC-K argues he would be left without a remedy if the juvenile court does not lose jurisdiction after ninety days. We have previously said the parties bear responsibility to ensure the deadline is enforced. *DSB*, 2008 WY 15, ¶ 24, 176 P.3d at 638. The proper remedy for the juvenile court's failure to set a timely hearing is "'a motion to the juvenile court for a prompt hearing' and, if such a motion is not acted upon in a timely fashion by the juvenile court, a 'petition for a writ of habeas corpus may be filed in this court . . . .'" seeking dismissal of the case. *Id*. at ¶ 24, 176 P.3d at 638-39 (quoting *MFB*, 860 P.2d at 1150). BC-K not only failed to file such a motion, he requested the trial be rescheduled.[2]

[¶19]   Affirmed.

---

[2] Because our ruling resolves the appeal, we will not address the State's additional argument that BC-K waived his right to enforce the statutory deadline. *DSB*, 2008 WY 15, ¶ 28 n.2, 176 P.3d at 639 n.2.