Robert W. HENSLEY, Appellant
(Defendant),

v.

Marvene S. HENSLEY, Appellee
(Plaintiff).

No. 94–312.

Supreme Court of Wyoming.

May 23, 1995.

Mark J. Murphy of Sheridan, for appellant.

Charles R. Hart of Sheridan, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

PER CURIAM.

Appellant contends his wife (appellee) was not a bona fide resident of the State of Wyoming when she filed her divorce complaint. The district court found that she was, exercised jurisdiction, and granted a decree of divorce. Appellant's divorce complaint is pending in Montana.

The issue raised invokes our standard of review for factual findings made by the district court. We accept the evidence of the prevailing party as true, giving every reasonable inference which may be drawn from that evidence, and leaving out of consideration conflicting evidence. *Clauss v. Clauss*, 459 P.2d 369, 371 (Wyo.1969); *see Scaling v. Scaling*, 805 P.2d 866, 869 (Wyo. 1991). Appellee considered herself to be a resident of Wyoming; she was born here, attended school, and graduated from the University of Wyoming; she has lived here for part of most years, with the exception of a period in 1991–92 when she suffered a heart attack; she is registered to vote here and voted in the general election of 1992 and the primary in 1994; she has had a Wyoming driver's license since 1963; she has a Wyoming livestock brand; she has motor vehicles that are registered in Wyoming; she has bank accounts here; she files her federal income tax as a resident of Wyoming; she was recently called to jury duty here; she owns a ranch in Johnson County and holds a

BLM lease there; in the months immediately preceding the filing of her divorce complaint, she was physically present in Wyoming except for short periods of time. She also lived in a home she owns in Montana about half of most years and Appellant resides there.

 Appellee resided in this state for for 60 days immediately preceding the filing of her complaint and her residency here is not affected by the fact that her husband is a resident of Montana. WYO.STAT. § 20–2–107 (1994); *Clauss*, 459 P.2d at 373. We hold the district court did not err in exercising jurisdiction over appellee's divorce complaint.

The judgment of the district court is affirmed.