2004 WY 147

**TETON BUILDERS, Appellant (Defendant),**

v.

**JACOBSEN CONSTRUCTION COMPANY, a Utah corporation, as agent for and acting on Behalf of FS JACKSON HOLE DEVELOPMENT COMPANY, and LLC, Louis Dreyfus Property Group, Inc., Appellees (Plaintiffs).**

No. 03–230.

Supreme Court of Wyoming.

Nov. 29, 2004.

Representing Appellant: Heather Noble and John A. Brazinski, Jackson, WY.

Representing Appellees: Andrea L. Richard and John A. Coppede of Rothgerber, Johnson & Lyons, LLP, Cheyenne, WY.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] This is an appeal from the district court order refusing to reopen a matter involving the validity of a construction lien. In particular, appellant Teton Builders contends that it was not afforded due process with respect to the hearing regarding appellee Jacobsen Construction's petition to strike and release Teton Builders' lien. We affirm.

### ISSUES

[¶ 2] Teton Builders sets forth the issue on appeal as:

Whether the district court erred in refusing to reopen a judgment under Rule 60(b)(4) of the Wyoming Rules of Civil Procedure for denial of due process when the judgment was based [on] argument and evidence presented in a hearing held on three and a half hours' notice to Teton Builders and its counsel and at that hearing Teton Builders' counsel was unable effectively to cross-examine witnesses appearing telephonically because those witnesses claimed not to have documents related to Teton Builders' lien.[1]

Jacobsen Construction phrases the issues:

I. Whether this Court has subject matter jurisdiction to decide this appeal when Appellant failed to file a timely Notice of Appeal pursuant to Wyo.R.App.P. 2.01.

II. Whether Appellant was deprived of due process when afforded an opportunity to challenge Jacobsen's Petition to Strike and Release Lien.

### FACTS

[¶ 3] Teton Builders acted as a subcontractor for Jacobsen Construction on a construction project located in Jackson, Wyoming. Thereafter, when Teton Builders threatened to file a mechanic's lien concerning its work on the project, counsel for Jacobsen Construction sent a letter to Teton Builders' counsel advising that if a lien was filed, Jacobsen Construction would seek to have the lien stricken and released as a frivolous lien under Wyo. Stat. Ann. § 29-1-

---

1. W.R.C.P. 60(b), entitled "Relief from judgment or order," states, in pertinent part:
   (b) *Other Reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void[.]

311 (LexisNexis 2003).[2] Despite this letter, Teton Builders filed its lien on April 9, 2003. True to its word, on April 28, 2003, Jacobsen Construction filed a Petition for Expedited Proceedings to Strike and Release Lien.

[¶ 4] The district court entered an order setting a hearing on the matter for May 14, 2003, at 1:30 p.m. The hearing was conducted telephonically before a district court commissioner wherein Jacobsen Construction offered the testimony of two witnesses. Teton Builders presented no witnesses. Ultimately, the district court entered an order striking and releasing the lien on May 23, 2003. This order also required Teton Builders to pay Jacobsen Construction the sum of $1,000.00 as damages and awarded Jacobsen Construction its attorney fees and costs.[3] Also, on May 22, 2003, Jacobsen Construction gave notice that it had recorded a corporate surety bond in an amount equal to one and one half times the amount of the lien filed by Teton Builders with the Teton County Clerk.[4]

[¶ 5] On June 16, 2003, Teton Builders filed a Motion for New Trial. In this motion Teton Builders asserted it received insufficient notice of the hearing on the petition to strike and release the lien and that the telephonic hearing conducted did not allow Teton Builders an adequate opportunity to cross-examine the witnesses presented. Following hearing, the district court denied the motion finding that it was not timely filed. On August 25, 2003, Teton Builders then filed a Motion to Reopen Judgment pursuant to W.R.C.P. 60(b)(4). This motion asserted the same arguments made in Teton Builders' Motion for New Trial. The district court also denied this motion. Teton Builders appealed the denial of this motion and filed its Notice of Appeal on October 7, 2003.

2. Wyo. Stat. Ann. § 29–1–311 (LexisNexis 2003) provides, in applicable part:

(b) Any person whose real or personal property is subject to a recorded claim of lien who believes the claim of lien is invalid under subsection (a) of this section, was forged, or that the person claiming the lien knew at the time of filing the lien was groundless, contained a material misstatement or false claim, may petition the district court of the county in which the claim of lien has been recorded for the relief provided in this subsection. The petition shall state the grounds upon which relief is requested, and shall be supported by the affidavit of the petitioner or his attorney setting forth a concise statement of the facts upon which the motion is based. .... Upon the filing of the petition the following shall apply:

(i) The court may enter its order, which may be granted ex parte, directing the person claiming the lien to appear before the court at a time no earlier than six (6) nor later than fifteen (15) days following the date of service of the petition and order on the person claiming the lien, and show cause, if any, why the relief provided in this subsection should not be granted;

(ii) The order shall clearly state that if the person claiming the lien fails to appear at the time and place noted, the claim of lien shall be stricken and released, and that the person claiming the lien shall be ordered to pay damages of at least one thousand dollars ($1,000.00) or actual damages, whichever is greater, and the costs incurred by the petitioner, including reasonable attorneys' fees;

(iii) The order and petition shall be served upon the person claiming the lien by personal service, or, where the court determines that service by mail is likely to give actual notice, the court may order that service be made by mailing copies of the petition and order to the person claiming the lien at his last known address or any other address determined by the court to be appropriate. Two (2) copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes shall bear the return address of the sender;

(iv) If, following a hearing on the matter the court determines that the claim of lien is invalid under subsection (a) of this section, was forged or that the person claiming the lien knew at the time of filing the lien was groundless or contained a material misstatement or false claim, the court shall issue an order striking and releasing the claim of lien and awarding damages of one thousand dollars ($1,000.00) or actual damages, whichever is greater, costs and reasonable attorneys' fees to the petitioner to be paid by the person claiming the lien[.]

3. On September 16, 2003, after Jacobsen Construction submitted an itemized statement of attorney fees and costs, the district court awarded Jacobsen Construction attorney fees in the amount of $5,697.00, plus costs in the amount of $91.04.

4. Subsequently, on June 24, 2003, the district court entered an Order Approving Bond and Directing Satisfaction of Lien. Pursuant to the order, a Satisfaction of Lien was recorded with the Teton County Clerk on June 26, 2003.

## STANDARD OF REVIEW

[¶ 6]   In *DMM v. DFH*, 954 P.2d 976, 978 (Wyo.1998), we stated:

"The granting or denying of relief pursuant to W.R.C.P. 60(b) is a matter within the discretion of the trial court, and our review is limited to the question of whether there has been an abuse of discretion." *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo.1989). When a judgment is attacked pursuant to Rule 60(b)(4), however, there is no question of discretion in granting or denying relief—either the judgment is void, or it is valid. *Id.* Once that determination is made, the trial court must act accordingly. *Id.* "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2nd* § 2862, at 326–29 (1995) (footnotes omitted); see also, *In Interest of WM*, 778 P.2d 1106, 1110 (Wyo. 1989).

Upon application, the court in *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.1994) recognized:

This court has indicated on a number of occasions that a judgment may be void for purposes of Rule 60(b)(4) if entered in a manner inconsistent with due process. *See, e.g., V.T.A., Inc.*, 597 F.2d at 224–25; *Arthur Andersen & Co. v. Ohio (In re Four Seasons Sec. Laws Litig.)*, 502 F.2d 834, 842 (10th Cir.), *cert. denied*, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974). We ultimately rejected the due process arguments asserted in the cited cases because fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied. Here, in contrast, the Secretary was not given any notice that her EAJA liability, already resolved by stipulated order, would be redetermined in the proceeding on plaintiff's second motion for attorney fees and, given plaintiff's express reliance on § 406(b), had no reason whatsoever to anticipate this development. Accordingly, the Secretary did not oppose the motion, which to all appearances was primarily a matter between plaintiff and counsel. Under the circumstances, entry of the resultant order under the EAJA, which everyone involved concedes was an improbable mistake, cannot be deemed consistent with due process. Therefore, relief was not only appropriate but mandatory under Rule 60(b)(4).

## DISCUSSION

### Jurisdiction

[¶ 7]   In its appellate brief, Jacobsen Construction contends that this court does not have proper jurisdiction to review this case because Teton Builders did not timely file its notice of appeal. Previously during this appeal, Jacobsen Construction filed with this court a Motion to Dismiss Appeal for Lack of Jurisdiction. After careful review of the motion, this court denied the motion, entering its order on May 17, 2004. As this court has already made its determination concerning Jacobsen Construction's jurisdictional claim, this court will not further address the issue.

### Due Process

[¶ 8]   Teton Builders avers that it was not given sufficient notice of the time of the hearing on the petition. Specifically, Teton Builders contends that because it was given only three and one half hours notice, it did not have sufficient time to prepare to present evidence on the numerous factual and legal issues raised. Teton Builders thus asserts that it was deprived of a meaningful opportunity to be heard. We do not agree.

[¶ 9]   Wyo. Stat. Ann. § 29–1–311(b)(i) mandates that a hearing on a petition to strike and release a lien must occur "no earlier than six (6) nor later than fifteen (15) days following the date of service of the petition and order on the person claiming the lien." Teton Builders was served with Jacobsen Construction's petition to strike and release the lien by mail on April 28, 2003. Thereafter, apparently applying the language set forth in § 29–1–311, along with W.R.C.P. 6(d), the district court determined that a hearing should be held on the petition sometime prior to May 16, 2003, and entered an

order setting the hearing on the matter for May 14, 2003, at 1:30 p.m.[5]

[¶ 10] Teton Builders argues that because the district court's order was only facsimilied to both parties three and one half hours prior to the hearing, it was severely prejudiced in its preparation for the hearing. We do not find this argument persuasive. Teton Builders admits that it actually received the petition by mail on April 30, 2003. The petition made it clear that it was filed pursuant to § 29-1-311, and that statute explicitly sets forth hearing scheduling requirements. Teton Builders was also unarguably put on notice as early as April 3, 2003, that Jacobsen Construction would file a petition under § 29-1-311 should a lien be filed by Teton Builders when Jacobsen Construction sent a letter to Teton Builders stating as much.

[¶ 11] Teton Builders further agues that the § 29-1-311 hearing timeline only begins to run after both the petition *and order* have been properly served because § 29-1-311 contemplates that, upon filing of a petition, the court is to issue an order to show cause, which may be issued *ex parte*, setting the matter for hearing. Hence, Teton Builders claims that the earliest the hearing in this case could have been set was May 20, 2003. However, regardless of the district court's procedure in scheduling the hearing, the fact remains that Teton Builders had actual notice that a hearing would soon take place and thus was given an adequate opportunity to prepare for the hearing. Moreover, it is important to note that the hearing was set by the district court only after consulting with counsel for both parties. In doing so, the district court took into account the hearing scheduling deadline set forth by § 29-1-311 and the schedules of all involved, including Teton Builders' counsel's plans to be out of town on May 15 and 16, 2003. It is therefore somewhat specious for Teton Builders to now complain that it did not receive sufficient notice of the scheduled hearing. Accordingly, we hold that Teton Builders was given adequate notice of the hearing and thus was afforded due process with respect to such notice.

[¶ 12] Teton Builders also contends that, because the hearing on the petition was held telephonically, it was denied the right to effectively cross-examine witnesses. Therefore, Teton Builders asserts that it was denied its right to due process and the district court's order on the petition should be considered void. This court has previously determined that telephonic participation in a hearing is adequate for due process.

In *Murray v. Murray*, 894 P.2d 607, 608 (Wyo.1995), we held that:

> The Constitution of the United States and the Constitution of the State of Wyoming each provide that no person shall be deprived of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1; Wyo. Const. art. 1, § 6. " 'It is basic that, before a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a meaningful opportunity to be heard.' " *Sandstrom v. Sandstrom*, 880 P.2d 103, 106 (Wyo.1994) (quoting *Lawrence–Allison and Associates West, Inc. v. Archer*, 767 P.2d 989, 997 (Wyo. 1989)) (emphasis in original). It would have been a simple matter to allow Peter to participate in the divorce hearing via conference call. Peter, however, was denied his day in court.

We repeated that finding in a different, but not distinguishable, context in *Wolfe v. Wolfe*, 899 P.2d 46, 47–48 (Wyo.1995) (it is abuse of discretion for trial court to modify visitation provisions of divorce decree without affording incarcerated father an opportunity to be heard or otherwise providing for development of an evidentiary record). We note here that in *Glenn v. Glenn*, 848 P.2d 819 (Wyo.1993), we affirmed an order

---

5. W.R.C.P. 6(d) provides:

(d) *Additional time after service by mail.*— Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party, and the notice or paper is served upon the party by mail or by delivery to the clerk for service, three days shall be added to the prescribed period, provided however, this rule shall not apply to service of process by registered or certified mail under Rule 4(*l*)(2).

modifying the child support obligation of an individual who had been sentenced to life in the penitentiary. The opportunity to be heard was not at issue in that case because the appellant was allowed to participate by telephone conference call. Also see *Throndset v. Hawkenson*, 532 N.W.2d 394, 397 (N.D.1995), and *In Interest of F. H.*, 283 N.W.2d 202, 209 (N.D.1979) (prison inmate's right to appear satisfied by appearance through counsel or by deposition); *Barnes v. Fucci*, 563 So.2d 175, 176 (Fla.App. 4 Dist.1990) (imprisoned mother entitled to appear for termination of parental rights hearing); *Smith v. Alaska Department of Revenue*, 790 P.2d 1352, 1353 (Alaska 1990) (no right for prisoner to be heard where there are only legal issues, but no factual dispute); *Whitney v. Buckner*, 107 Wash.2d 861, 734 P.2d 485, 488 (1987) (prisoners must be afforded a meaningful opportunity to prosecute their domestic relations actions); *Clemans v. Collins*, 679 P.2d 1041, 1042 (Alaska 1984) (hearing required to determine indigent prisoner's ability to pay child support while incarcerated).

*RPM v. State, Dep't of Family Servs., Div. of Public Assistance and Soc. Servs.*, 917 P.2d 169, 170 (Wyo.1996) (footnote omitted). Teton Builders was afforded the opportunity to fully participate in the hearing and to present argument concerning the petition. Where parties to an action have participated to the extent that they deem desirable in the hearing and where there has been no attempt made to inhibit testimony of witnesses or argument of counsel and the parties were cognizant of the issues and the positions of their adversaries, such a hearing has been conducted in a constitutionally and statutorily fair manner. *Mortgage Guaranty Ins. Corp. v. Langdon*, 634 P.2d 509, 518–19 (Wyo.1981).

[¶ 13] Moreover, although Teton Builders claims that it was unable to properly cross-examine the witnesses called by Jacobsen Construction by way of having them review and answer questions concerning certain documentation, it should be noted that Teton Builders could have presented such evidence by calling its own witnesses at the hearing. Teton Builders simply chose not to take this

tact. Consequently, we hold that Teton Builders had a real and substantial opportunity to present and contest those issues surrounding the petition.

[¶ 14] Finally, even if we assume that Teton Builders was not allowed an effective opportunity to participate in the hearing, it should be recognized that any issue involving the validity of the district court's order, particularly with respect to the release and striking of the lien itself, was effectively rendered moot when Jacobsen Construction recorded an adequate corporate surety bond. Subsequently, the district court entered an order approving the bond posted and directing that the lien be deemed satisfied on June 24, 2003. This was followed by a satisfaction of lien being recorded with the Teton County Clerk on June 26, 2003. Therefore, even if it is determined that Teton Builders was denied due process with respect to the hearing, this result must be considered harmless error.

### *CONCLUSION*

[¶ 15] For the reasons stated, we affirm the order of the district court denying Teton Builders' Motion to Reopen Judgment.