# IN THE SUPREME COURT, STATE OF WYOMING

# 2015 WY 51

OCTOBER TERM, A.D. 2014

March 31, 2015

CELINA APODACA,

Appellant
(Plaintiff),

v.

S-14-0151

SAFEWAY, INC.,

Appellee
(Defendant).

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

***Representing Appellant:***
    Celina Apodaca, *Pro se*, Lander, WY.

***Representing Appellee:***
    Joanna R. Vilos of Holland & Hart LLP, Cheyenne, WY.

***Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.***

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Celina Apodaca filed a complaint against Safeway Inc., her former employer, asserting claims for harassment, emotional stress, personal injury, loss of income, and age discrimination.  Safeway moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim, and the district court granted that motion.  We affirm.

## ISSUES

[¶2]    In her *pro se* statement of issues, Ms. Apodaca quotes from the district court's dismissal order and asserts that she "was in compliance with the time frame."  Safeway states the issues for our review more clearly:

> A.      Did the District Court correctly dismiss Apodaca's discrimination and harassment claims where she failed to allege timely satisfaction of the statutory jurisdictional conditions precedent, and she in fact failed to satisfy such conditions?
>
> B.      Were Apodaca's state law tort claims properly dismissed where such claims were preempted by the Labor Management Relations Act?

## FACTS

[¶3]    Ms. Apodaca began working as a courtesy clerk for the Safeway store in Lander, Wyoming on October 20, 2011.  She resigned on December 21, 2012.  On November 13, 2013, the federal Equal Employment Opportunity Commission (EEOC) issued a notice to Safeway informing it that Ms. Apodaca had filed a charge of discrimination alleging age discrimination.  On November, 19, 2013, the EEOC issued a Dismissal and Notice of Rights, which informed Ms. Apodaca that the EEOC was closing its file on Ms. Apodaca's charge because her charge was not timely filed with the EEOC.

[¶4]    On February 4, 2014, Ms. Apodaca filed a complaint in district court alleging the following incidents occurred during her employment with Safeway:

> --she did not receive a 90-day evaluation and pay increase;
> --her work schedule was changed against her wishes;
> --her assistant manager called her a "fuckin[g] liar" in front of two co-workers;
> --a co-worker shoved her with the bathroom door while she was mopping the bathroom and called her a "fuck;" and
> -- an unspecified person broke into her work locker.

1

[¶5]   Ms. Apodaca alleged that she complained to management concerning these grievances, and management took no action to address her concerns.  Ms. Apodaca asserted damages for: harassment, emotional stress, personal injury, loss of income, and age discrimination.  For relief, Ms. Apodaca requested a "settlement in the amount of $1 million dollars."

[¶6]   On February 28, 2014, Safeway filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Wyoming Rules of Civil Procedure, asserting that Ms. Apodaca's harassment and age discrimination claims were barred for failure to exhaust administrative remedies and her state law claims were preempted by federal law.  On April 17, 2014, the district court issued an order granting the motion to dismiss.  In so ruling, the court found:

> 1.    Plaintiff's complaint generally alleges negligence on the part of Defendant resulting in harassment; emotional stress; personal injury; loss of income; and age discrimination.
> 2.    While Plaintiff's claims, or some of them, are recognizable under both Federal and Wyoming law, clear time frames and procedures exist which have not been met by Plaintiff.
> 3.    Compliance with the time frames and procedures are conditions precedent to the advancement of Plaintiff's suit; without such compliance this court is without jurisdiction to proceed.

[¶7]   On May 13, 2014, Ms. Apodaca filed a notice of appeal to this Court.

## STANDARD OF REVIEW

[¶8]   This Court reviews dismissals pursuant to W.R.C.P. 12(b)(6) as follows:

> When reviewing W.R.C.P. 12(b)(6) motions to dismiss, we accept the facts stated in the complaint as true and view them in the light most favorable to the plaintiff. We will sustain such a dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any fact which would entitle him to relief.

*In re Estate of Scherer*, 2014 WY 129, ¶ 5, 336 P.3d 129, 131 (Wyo. 2014) (quoting *Sinclair v. City of Gillette*, 2012 WY 19, ¶ 8, 270 P.3d 644, 646 (Wyo. 2012)).

[¶9]   When reviewing the dismissal of an action under W.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, we accept the allegations of the complaint as true and we consider the facts in the light most favorable to the non-movant. *Cantrell v. Sweetwater County Sch. Dist. No. 2*, 2006 WY 57, ¶ 4, 133 P.3d 983, 984 (Wyo. 2006); *Wilson v. Town of Alpine*, 2005 WY 57, ¶ 4, 111 P.3d 290, 291 (Wyo. 2005). We note also that in ruling on a W.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, materials outside the complaint, such as affidavits and other documents, may be considered. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *Graus v. OK Inv., Inc.*, 2014 WY 166, ¶ 14, 342 P.3d 365, 369 (Wyo. 2014) (quoting *Bratton v. Blenkinsop* (*In re Bratton*), 2014 WY 87, ¶ 24, 330 P.3d 248, 253, n. 6 (Wyo. 2014)) ("Because of the similarities between federal and Wyoming rules of civil procedure, we look to federal authority interpreting a particular rule as an aid in applying the comparable Wyoming rule.").

[¶10]  "The existence of subject matter jurisdiction is a question of law that we review *de novo.*" *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014) (quoting *Excel Constr., Inc. v. Town of Lovell*, 2011 WY 166, ¶ 12, 268 P.3d 238, 241 (Wyo. 2011)).

## DISCUSSION

### A.   Discrimination Charges

[¶11] In alleging that she was subjected to discrimination, the only type of discrimination Ms. Apodaca alleged was age discrimination. This also was the only type of discrimination alleged in her charge filed with the EEOC. The federal law applicable to Ms. Apodaca's discrimination claim is the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, which prohibits employment discrimination based on age.[1]  Section 626 of the ADEA provides:

> (d)(1) No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed--
>
> **(A)** within 180 days after the alleged unlawful practice occurred; or

---

[1] The Wyoming Fair Employment Practices Act (WFEPA) also prohibits age discrimination. *See* Wyo. Stat. Ann. § 27-9-105(a) (LexisNexis 2013). Nothing in the record or Ms. Apodaca's complaint indicates, however, that Ms. Apodaca filed a charge of discrimination with the Wyoming Department of Employment, which charge was required to have been filed within six months of the alleged discrimination. *See* Wyo. Stat. Ann. § 27-9-106(a) (LexisNexis 2013).

**(B)** in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d)(1).

[¶12]  The Tenth Circuit Court of Appeals has explained the consequences of a failure to meet the section 626 time frames:

> We start with the first question first, asking whether preexisting law requires dismissal of the plaintiffs' claims. The Age Discrimination Employment Act ("ADEA") provides that "no civil action may be commenced" in federal court unless the would be plaintiff first files a grievance with the appropriate administrative agency—and does so "within 300 days after the alleged unlawful practice occurred" where (as here) a state administrative agency process exists to remedy the alleged discrimination. 29 U.S.C. § 626(d)(1)(B). ***Compliance with this administrative exhaustion requirement and its concomitant limitations period is a condition precedent to bringing suit.*** *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167–68 (10th Cir.2007).

*Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (emphasis added).   The Tenth Circuit has further held that compliance with the ADEA's administrative exhaustion requirements is not only a condition precedent to suit, but is a jurisdictional prerequisite.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("[A] plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA.").

[¶13]  In this case, Ms. Apodaca not only failed to allege that she timely complied with the ADEA's administrative exhaustion requirements, the record establishes that she did not timely comply.  Ms. Apodaca had at most 300 days to file with the EEOC her charge of discrimination against Safeway, measured from the last act of discrimination.  *See Almond*, 665 F.3d at 1176 (Under the ADEA, "the clock starts running when the plaintiff first knew or should have known of his injury, whether or not he realized the cause of his injury was unlawful.").   Ms. Apodaca's last day of employment with Safeway was December 21, 2012, which is the last date on which she could have been subjected to the alleged discrimination, and she filed her charge with the EEOC on November 13, 2013. The elapsed time was 327 days, making her charge clearly untimely.  The district court thus properly dismissed Ms. Apodaca's claims for lack of jurisdiction.

**B.  State Law Claims**

[¶14]  Ms. Apodaca's complaint alleges claims for emotional stress, personal injury, and loss of income, without any further elaboration on the cause of action being asserted. The claims therefore may sound in tort or breach of contract.

[¶15]  The record establishes that Ms. Apodaca's employment with Safeway was governed by a collective bargaining agreement (CBA).  The existence of the CBA may raise federal law preemption questions.  *See Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1155 (10th Cir. 1991) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985)) ("Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)), preempts state causes of action addressing 'questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, . . . whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.'").  On appeal, however, Ms. Apodaca has presented no argument or authorities concerning the application of the CBA or the Labor Management Relations Act.  She has in fact presented no cogent argument at all concerning her state law claims.

[¶16]  This Court has addressed similar circumstances:

> We have often stated that we expect *pro se* litigants to "handle this professional, technical work in compliance with Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform" but "[t]his court has spoken to a certain leniency which should be afforded the pro se litigant." *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995). However, blatant disregard of our rules of procedure cannot and will not be condoned. When a brief fails to present a valid contention supported by cogent argument or pertinent authority, "we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel." *Id*.

*Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶ 14, 272 P.3d 963, 966 (Wyo. 2012); *see also Sonnett v. First Am. Title Ins. Co.*, 2013 WY 105, ¶ 26, 309 P.3d 799, 808 (Wyo. 2013) (refusing to consider issue of *pro se* appellant not supported by proper citation of authority and cogent argument).

[¶17]  Because Ms. Apodaca has not supported her appeal relating to the dismissal of her state law claims with citation of authority and cogent argument, we summarily affirm the district court's dismissal of those claims.

## CONCLUSION

[¶18]  We find no error in the district court's dismissal of Ms. Apodaca's complaint for lack of subject matter jurisdiction.  Affirmed.