# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 141

OCTOBER TERM, A.D. 2015

November 10, 2015

ROCIO ESMERALDA MERCADO
SOTO LINCH,

Appellant
(Defendant),

v.                                                          S-15-0073

RONALD B. LINCH,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
C.M. Aron of Aron & Hennig, LLP, Laramie, WY.

*Representing Appellee:*
Jamie M. Woolsey of Fuller, Sandefer & Associates, LLC, Casper, WY.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    In 2014, Rocio Linch filed a W.R.C.P. 60(b)(4) motion in district court seeking to set aside a 1999 default judgment granting her husband, Ronald Linch, a divorce.  The district court denied Ms. Linch's motion on the ground that the motion was not filed within a reasonable time.  Although the district court erred in denying Ms. Linch's motion solely on the basis of her delay in filing the motion, we find that Ms. Linch has failed to establish that the default judgment is void and we therefore affirm the district court decision denying her Rule 60(b)(4) motion.

## ISSUES

[¶2]    Ms. Linch states the issues on appeal as follows:

> I.    Whether the timeliness requirements of Rule 60 apply to a motion under subparagraph (b)(4) alleging that the judgment is void.
> II.    Whether a default divorce judgment is void for lack of subject matter jurisdiction and proper venue, when the court did not find that either party resided in the county as required by Wyoming statutes.
> III.    Whether a default divorce judgment is void for failure of the trial court to find, or consider any evidence of, the grounds for divorce required by statute.
> IV.    Whether the disposition of property in a default divorce judgment is void for failure of the trial court to consider the factors required by statute.

## FACTS

[¶3]    Rocio Linch was born in Mexico City, Mexico and is now a naturalized citizen of the United States.  In 1991, Ms. Linch was living in Mexico City, working as lawyer, when she began exchanging letters with Ron Linch, who was a resident of Linch, Wyoming in Johnson County.  In April 1993, after numerous meetings with Mr. Linch in Mexico and in the United States, Ms. Linch moved from Mexico and began residing with Mr. Linch in Linch, Wyoming.  On November 9, 1995, the couple executed a prenuptial agreement, and on November 12, 1995, they were married in Edgerton, Wyoming.  After they married, the Linches continued living in Linch, Wyoming.[1]

---

[1] Ms. Linch's move to Wyoming to reside with and eventually marry Mr. Linch was not her first experience living in the United States.  The record shows that Ms. Linch married a man by the name of Gilbert Meighan on November 16, 1989, in Miami, Florida, and was divorced from him on June 3, 1991.

1

[¶4]    On November 21, 1997, Mr. Linch filed a divorce complaint against Ms. Linch in the Seventh Judicial District Court in Natrona County.  The complaint alleged that both parties were residents of Natrona County and that no children were issue of the marriage. It further alleged:

> 5.      That prior to the parties' marriage, Plaintiff and Defendant entered into a Prenuptial Agreement, a copy of which is attached hereto.
> 6.      That irreconcilable differences have arisen between the parties, making it impossible to continue the marital relationship.  Plaintiff is the aggrieved party.
> 7.      That there is no marital property to be divided between the parties, and that each party should retain the property, real and/or personal, which they owned prior to the marriage and which they have acquired as their sole and separate property during the marriage.

[¶5]    As alleged, the parties' prenuptial agreement was attached to Mr. Linch's divorce complaint.  In his prayer for relief, Mr. Linch requested that the district court enter a judgment granting him a decree of divorce and "[d]eclaring that pursuant to the Prenuptial Agreement, each party shall retain their separate property owned prior to the marriage and acquired after the marriage."

[¶6]    Rocio Linch was personally served with the complaint by a process server on December 10, 1997.  Ms. Linch did not file an answer or any other responsive pleading, and on June 25, 1998, Mr. Linch filed an application for entry of default.  On that same date, the clerk of court filed an entry of default.  On March 17, 1999, Mr. Linch filed a motion for entry of default judgment, and on March 24, 1999, a default judgment was entered granting Mr. Linch a decree of divorce from Ms. Linch.  The default judgment ordered:

> 1.      That the Plaintiff is hereby granted a decree of divorce from the Defendant, and the marriage of the parties is hereby dissolved.
> 2.      That Plaintiff shall retain as his sole and separate property all real and personal property which is held by him individually and separately from the Defendant, and Defendant shall hereafter have no interest in said property.
> 3.      That Defendant shall retain as her sole and separate property all real and personal property which is held by her individually and separately from the Plaintiff, and Plaintiff shall hereafter have no interest in said property.

2

[¶7]   Following Mr. Linch's filing of the divorce complaint in 1997, the Linches continued to live together, and they did so until October 2011, when they finally ended their relationship.   Nearly three years later, on April 16, 2014, Rocio Linch filed a W.R.C.P. 60(b)(4) motion to vacate the 1999 default judgment.   In support of her motion, Ms. Linch argued that she had not been properly served with the divorce complaint and the district court therefore lacked personal jurisdiction to enter the default judgment against her.   She further argued that the district court lacked subject matter jurisdiction because neither party was a resident of Natrona County and the complaint did not allege that Mr. Linch had been a Wyoming resident for the sixty days preceding the filing of the divorce complaint.   As additional grounds on which the default judgment should be declared void, Ms. Linch asserted:

--the district court made no finding that there were grounds for a divorce;
--the default judgment was not entered by the presiding judge to whom the case had been assigned;
--no action was taken to prosecute the divorce action for more than ninety days; and
--the district court made no disposition of the parties' property and took no evidence on the question of how that property should be divided.

[¶8]   On October 9, 2014, the district court held an evidentiary hearing on Ms. Linch's Rule 60(b)(4) motion.   On December 9, 2014, the court made an oral ruling denying the motion, explaining:

> The return of service in this case submitted under oath by a disinterested process server established a presumption that [Ms. Linch] was properly served personally pursuant to Rule 4.   [Mr. Linch's] testimony further corroborates that evidence.   [Ms. Linch's] recollection appears to be flawed in that she refuses to even acknowledge that the return of service could have been filed with the court in December 2000 – or I'm sorry – December 11, 1997, which is indisputable based on the record before the Court.   [Ms. Linch's] evidence on this issue simply does not rise to the level of strong and convincing evidence to overcome the other evidence that she was properly and personally served.   This Court therefore had personal jurisdiction over [Ms. Linch] such that it could enter a divorce decree.
>
> Turning then to the other grounds asserted under Rule 60, [Ms. Linch] also sets forth several other arguments pursuant to Wyoming Rule of Civil Procedure 60(b)(4) as to why the decree of divorce the court entered is void.   That decree was entered over 15 years ago.

3

According to [Ms. Linch], if the Court's 1999 decree was void when it was entered, it remains void today and [she] should be allowed to seek relief at this time. [Mr. Linch] contends that [Ms. Linch] did not file her motion within a reasonable time, and the Court should not consider the motion.

\* \* \* \*

Based on the Court's reading of the rule, the text of the rule clearly provides that a motion pursuant to Rule 60(b)(4) shall be made within a reasonable time. That reading is considering all of the provisions in par[i] materia and also giving effect to all of the language in the rule. This text would also seem to reinforce the general policy in favor of the finality of judgments.

\* \* \* \*

Based on this record, [Ms. Linch] at the earliest had actual notice of the divorce action in December 1997 and again after the decree was entered in 1999. At the latest, [Ms. Linch] had actual notice of the divorce in 2006. [Ms. Linch] could have sought relief from the decree at these times if she felt aggrieved. That the parties continued to live together is not a valid reason to justify the time delay in failing to do so. Even so, [Ms. Linch] has no reasonable explanation for why she did not seek relief between 2011, when she and [Mr. Linch] broke up, and 2014, when she actually filed the Rule 60 motion.

The Court therefore finds that [Ms. Linch] did not file her Rule 60 motion within a reasonable time.

[¶9]    On January 6, 2015, the district court issued its written order denying Rocio Linch's Rule 60(b)(4) motion, and on February 5, 2015, Ms. Linch timely filed her notice of appeal to this Court.

### STANDARD OF REVIEW

[¶10]  We have announced the following parameters for reviewing an order on a Rule 60(b) motion to set aside a judgment:

"The granting or denying of relief pursuant to W.R.C.P. 60(b) is a matter within the discretion of the trial court, and our review is limited to the question of whether there has been an abuse of discretion." *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo.1989). When a

4

judgment is attacked pursuant to Rule 60(b)(4), however, there is no question of discretion in granting or denying relief—either the judgment is void, or it is valid. *Id*. Once that determination is made, the trial court must act accordingly. *Id*. "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2nd* § 2862, at 326–29 (1995) (footnotes omitted); see also, *In Interest of WM*, 778 P.2d 1106, 1110 (Wyo.1989).

*Teton Builders v. Jacobsen Constr. Co.*, 2004 WY 147, ¶ 6, 100 P.3d 1260, 1263 (Wyo. 2004); *see also Jubie v. Dahlke* (*In re Estate of Dahlke*), 2014 WY 29, ¶¶ 27-28, 319 P.3d 116, 124 (Wyo. 2014); *Exotex Corp. v. Rinehart*, 3 P.3d 826, 831 (Wyo. 2000).

## DISCUSSION

[¶11]  The district court found that Ms. Linch knew of the divorce decree granted to Mr. Linch as early as 1999.  It based this determination on documents showing Ms. Linch consulted with legal counsel regarding the decree in 1999, her level of sophistication as an attorney herself, and her prior experience of being married and divorced in the United States.  Ms. Linch does not contest the court's finding that she knew of the divorce decree in 1999.  Nor does she dispute that her fifteen-year delay in seeking to set aside the decree was an unreasonable delay.  Indeed, counsel for Ms. Linch stipulated to the unreasonableness of the delay during the hearing on her motion:

> [Counsel for Ms. Linch]:  Your Honor, maybe I could shorten things a bit by – by saying this:  We concede that this time is excessive, and I am not going to argue that there is anything reasonable about the time.  It's unclear under Rule 60 the extent to which the reasonableness of the time of filing the Rule 60 [motion], whether that applies to 60(b)(4).  But I don't claim for a minute that this is a reasonable length of time to have waited to file a motion.  So that if, as a matter of law, it is too late to claim a decree is void, then on that basis, we would recognize, at least, that this is an excessive period of time.  * * * I mean, this is 15 years, and we know that.  And if, in fact, that alone is significant, then we concede it.

[¶12] Ms. Linch likewise does not contest the district court's finding that she was properly served with Mr. Linch's divorce complaint and the district court therefore had

personal jurisdiction to enter the divorce decree against her. Instead, Ms. Linch argues on appeal that the divorce decree was void for lack of subject matter jurisdiction and that the Rule 60(b) time limitations do not apply to a Rule 60(b)(4) motion to set aside a judgment as void. We will address first the applicability of the Rule 60(b) time limitations and then we will turn to the grounds upon which Ms. Linch challenges the district court's subject matter jurisdiction to enter the divorce decree.

## A.    Applicability of Time Limitations to Rule 60(b)(4) Motions

[¶13]  Rule 60(b) provides:

> On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. ***The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken***.

W.R.C.P. 60(b) (LexisNexis 2015) (emphasis added).

[¶14]  The district court's conclusion that a Rule 60(b)(4) motion must be made within a reasonable time is an understandable one given the rule's plain language. It is, however, nearly universally recognized that there are generally no time limits on the filing of a Rule 60(b)(4) motion. It has been explained:

> * * * Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly.
>
> For similar reasons, there is no time limit on an attack on a judgment as void. The one-year limit applicable to some

6

> Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a "reasonable time," which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor.

11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2862 (3d ed. updated 2015) (footnotes omitted); *see also Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (citing *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.1994)) ("The one-year time limitation cited by the district court does not apply to a motion made under Rule 60(b)(4), which may be brought at any time."); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n. 9 (10th Cir. 1979) ("[I]f a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time."); *Jackson v. FIE Corp.*, 302 F.3d 515, 523 n. 22 (5th Cir. 2002) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 n. 6 (5th Cir. 1988)) ("[T]here seems to be universal agreement that laches [in bringing a Rule 60(b)(4) motion] cannot cure a void judgment, and no court has denied relief under Rule 60(b)(4) because of delay.").

[¶15] This interpretation of Rule 60(b)(4), that a challenge to a judgment as void may be brought at anytime, is consistent with how this Court has viewed such challenges. We have said:

> A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. * * *

> Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is open to attack or impeachment in any proceeding, direct or collateral, **and at any time** or place, at least where the invalidity appears upon the face of the record.

*State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1056-57 (Wyo. 1989) (quoting 46 Am.Jur.2d, *Judgments* § 49 at 347–49 (1969)) (emphasis added); *see also Brush v. Davis*, 2013 WY 161, ¶ 8, 315 P.3d 648, 651 (Wyo. 2013) ("Subject matter jurisdiction is an issue of law that may be raised at any time by any party or the court on its own motion."); *Weller v. Weller*, 960 P.2d 493, 496 (Wyo. 1998) (citations omitted) ("A lack of subject matter jurisdiction constitutes a fundamental defect in a proceeding which cannot be cured by waiver or consent by the parties. Nor may it be cured by the passage of time.").

[¶16]  Because the Rule 60(b) time limitations do not apply to a motion brought pursuant to Rule 60(b)(4), the district court erred in denying Ms. Linch's motion challenging the divorce decree as void for lack of subject matter jurisdiction solely on the basis that the motion was not timely filed.  We turn then to the alleged defects that Ms. Linch asserts rendered the divorce decree void for lack of subject matter jurisdiction.[2]

## B.    Challenges to Subject Matter Jurisdiction

[¶17]  Subject matter jurisdiction is "the power to hear and determine the matter in controversy between the parties."  *Brush*, ¶ 9, 315 P.3d at 651 (quoting *JA v. State, Dept of Family Servs.*, 2008 WY 15, ¶ 10, 176 P.3d 633, 636 (Wyo. 2008)).  "A court has subject matter jurisdiction when it has the authority to consider and decide 'cases of the general class of which the proceeding belongs.'"  *Id*. (quoting *DF v. MLM* (*In re MKM*), 792 P.2d 1369, 1373 (Wyo.1990)).

[¶18]  We have defined the showing that must be made to establish that a judgment is void for lack of subject matter jurisdiction:

> The legal principles invoked to determine the issues raised in this case are summarized in *Kansas City Southern Railway Company v. Great Lakes Carbon Corporation*, 624 F.2d 822 (8th Cir.1980), cert. denied 449 U.S. 955, 101 S.Ct.

---

[2] At this juncture, we must bear in mind that the sole question with which we are concerned under this Rule 60(b)(4) motion is whether the alleged errors created a jurisdictional defect affecting the validity of the district court's judgment.  To the extent any of the alleged errors do not rise to the level of a jurisdictional defect, we need not and will not resolve the merits of the alleged error.  A movant may not avoid the Rule 60(b) time limitations by simply casting the motion as a Rule 60(b)(4) motion.  As one authority has explained:

> A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. Of course, although a challenge on one of those three grounds can be made under Rule 60(b)(4), if the court finds that there was subject-matter or personal jurisdiction, or that no due-process violation has occurred, the motion will be denied.

11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2862 (3d ed. updated 2015) (footnotes omitted).

In other words, if the defects Ms. Linch asserts in the divorce decree are essentially arguments that the district court erred in its findings or abused its discretion in the manner in which it entered the decree, such errors will not be considered.  While there is no time limit on considering defects that cause a judgment to be void, fifteen years is an unreasonable length of time to wait before challenging an error such as an abuse of discretion.

363, 66 L.Ed.2d 220 (1980). The essence of that summary is that a judgment is void only when there has been a plain usurpation of power, or the extension of jurisdiction beyond the scope of the court's authority. That is to be distinguished from an error in the exercise of the jurisdiction of the court, which must be addressed by appeal rather than a motion under Rule 60(b). The competing policies are a disciplined observance of jurisdictional limits coupled with the need for finality of judgments. If the court concludes that the challenge is simply to an erroneous interpretation of the statutory grant of jurisdiction, then, in favor of the policy of certainty and finality, the judgment becomes final unless appealed.

*Estate of Dahlke*, ¶ 46, 319 P.3d at 127 (quoting *In the Interest of WM*, 778 P.2d 1106, 1110 (Wyo. 1989)).

[¶19]  The United States Supreme Court has expanded on the exceptional circumstances that will warrant relief pursuant to Rule 60(b)(4) based on a jurisdictional defect:

> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer v. Baker*, 793 F.2d 58, 65 (C.A.2 1986); *see, e.g., Boch Oldsmobile, supra*, at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010).

[¶20]  Against this backdrop, we consider the alleged defects Ms. Linch asserts render the divorce decree void for lack of subject matter jurisdiction.

**1.    *Failure of Divorce Complaint to Allege Residential Basis for Jurisdiction***

[¶21] Wyo. Stat. Ann. § 20-2-107(a) defines the basis for a district court to exercise subject matter jurisdiction over a divorce.  It provides:

> No divorce shall be granted unless the plaintiff has resided in this state for sixty (60) days immediately preceding

the time of filing the complaint, or the marriage was solemnized in this state and the plaintiff has resided in this state from the time of the marriage until the filing of the complaint.

Wyo. Stat. Ann. § 20-2-107(a) (LexisNexis 2015); see also *Hensley v. Hensley*, 896 P.2d 115, 116 (Wyo. 1995) (applying Wyo. Stat. Ann. § 20-2-107 to find district court jurisdiction over divorce complaint).

[¶22] It is undisputed that Mr. Linch is a Wyoming resident who resided in Wyoming for the sixty days preceding his filing of the divorce complaint, as well as from the time of his marriage to Ms. Linch to the filing of his complaint. Ms. Linch nonetheless contends the district court did not have subject matter jurisdiction, arguing that because the divorce complaint did not allege the statutorily-required residential basis, the district court could not have acquired jurisdiction. Ms. Linch is urging an extraordinary elevation of form over substance that our precedent soundly rejects.

[¶23] This Court has long held that "a district court's jurisdiction does not depend upon the allegations in the pleading; rather, it depends upon whether the court's authority extends over the general class to which the case belongs." *Brown v. City of Casper*, 2011 WY 35, ¶ 12, 248 P.3d 1136, 1140 (Wyo. 2011) (citing *State v. Kusel*, 29 Wyo. 287, 297, 213 P. 367, 369 (Wyo.1923)). In *Brown*, we quoted with favor the following from Justice Blume's opinion in *Kusel*:

> The chief argument against the jurisdiction of the court is that the allegations of the bill of complaint are not sufficient to sustain the prayer of the bill and do not set out specific facts which would give the court jurisdiction * * * It is well settled that jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject-matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction.... Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide whether the pleading is good or bad.

*Brown*, ¶ 15, 248 P.3d at 1141 (quoting *Kusel*, 29 Wyo. at 297, 213 P. at 369); *see also Brush*, ¶¶ 13, 15, 315 P.3d at 652-53 (rejecting argument that court's jurisdiction over modification petition was affected by failure of petitioner to attach statutorily-required document to petition and make statutorily-required statement in petition).

10

[¶24] Mr. Linch was a Wyoming resident for the sixty days preceding the filing of his divorce complaint. The district court thus had jurisdiction over the complaint.

**2.** ***Improper Venue***

[¶25] Wyo. Stat. Ann. § 20-2-104 defines the proper venue for the filing of a divorce complaint. It provides:

> A divorce may be decreed by the district court of the county in which either party resides on the complaint of the aggrieved party on the grounds of irreconcilable differences in the marital relationship.

Wyo. Stat. Ann. § 20-2-104 (LexisNexis 2015).

[¶26] Ms. Linch contends that the divorce complaint incorrectly alleged that both parties were residents of Natrona County. She argues that because both parties were in fact residents of Johnson County, the complaint was improperly filed in Natrona County and the district court was without subject matter jurisdiction over the complaint. Although we agree that venue for the complaint was properly in Johnson County, Ms. Linch's argument that this deprived the district court of jurisdiction again finds no support in our precedent.

[¶27] We have explained the distinction between venue and subject matter jurisdiction:

> As we have explained previously, venue "as a modern legal concept refers to the county, district, or other geographical location in which, 'for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried.'" Sundance Mt. Resort v. Union Tel. Co., 2007 WY 11, ¶ 9, 150 P.3d 191, 195 (Wyo.2007) (quoting 77 Am.Jur.2d Venue § 1 (2006)).
>
> The distinction between "jurisdiction" and "venue" has been plainly established and has frequently been recognized. Jurisdiction connotes the power to decide a case on the merits, while venue denotes locality, the place where the suit should be heard.
>
> *Wiglesworth v. Wyrick*, 531 S.W.2d 713, 721 (Mo.1976) (quoting 21 C.J.S. Courts § 15(c)).

11

*State Farm Mut. Auto. Ins. Co. v. Kunz*, 2008 WY 71, ¶ 14, 186 P.3d 378, 382 (Wyo. 2008).

[¶28]  We have also said:

> The district courts in this state are courts of general jurisdiction. As such, they have inherent subject matter jurisdiction over any and all cases in which jurisdiction is not specifically vested in some court of limited jurisdiction. This jurisdiction includes jurisdiction over worker's compensation claims and disputes such as the one in this case. Once jurisdiction is acquired, the district court has the power to hear and determine the matter and to render a binding judgment. We adopt the analysis found in *Sil–Flo Corporation v. Bowen*, 98 Ariz. 77, 402 P.2d 22 (1965), and recognize that the power to enter a binding judgment is equally present among all district courts in the state. In this context, venue is never a consideration.

*Bourke v. Grey Wolf Drilling Co., LP*, 2013 WY 93, ¶ 27, 305 P.3d 1164, 1170 (Wyo. 2013) (quoting *Matter of Larsen*, 770 P.2d 1089, 1092 (Wyo.1989)).

[¶29]  Venue and subject matter jurisdiction are separate and distinct concepts.  Improper venue does not deprive a district court of subject matter jurisdiction, and the district court therefore properly exercised jurisdiction over Mr. Linch's divorce complaint even though the complaint was filed in the wrong venue.

## 3.  *Failure to Make Required Findings*

[¶30]  As noted above, Wyo. Stat. Ann. § 20-2-104 provides that a divorce may be decreed on the grounds of irreconcilable differences in the marital relationship.  Wyo. Stat. Ann. § 20-1-114 governs the disposition of property in the granting of a divorce.  It provides:

> Except as provided in subsection (b) of this section, in granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable

12

alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

Wyo. Stat. Ann. § 20-2-114(a) (LexisNexis 2015).

[¶31] Ms. Linch argues that the divorce decree was entered in violation of both Wyo. Stat. Ann. § 20-2-104 and § 20-2-114(a) because the district court failed to take evidence on the alleged irreconcilable differences and on the question of property distribution. We again find that the alleged errors do not undermine the district court's subject matter jurisdiction and are thus not grounds to set aside the divorce decree.

[¶32] First, we have held that a court does not lose subject matter jurisdiction over an action for failure to comply with statutory procedural requirements unless the statute contains an "unequivocal expression" that failure to comply shall result in a loss of jurisdiction. *In re DSB*, 2008 WY 15, ¶ 19, 176 P.3d 633, 638 (Wyo. 2008) (citing *DB v. Wyo. Dep't of Family Serv.*, 860 P.2d 1140, 1149 (Wyo. 1993); *see also Scott v. Bd. of Trs.*, 2015 WY 128, ¶¶ 12-13, 357 P.3d 1137, 1139-40 (Wyo. 2015) (applying the same principle to agency failure to comply with statutory or regulatory requirements). Neither Wyo. Stat. Ann. § 20-2-104 nor § 114 specifies that failure to make a required finding or take evidence to support a required finding shall deprive the district court of jurisdiction or otherwise render the court's judgment void.

[¶33] Additionally, we have defined the parameters for entry of a default judgment in a divorce action:

> The distinction between an entry of default and a default judgment must here be recognized. *Mora*, 611 P.2d at 849. *See generally* 10 C. Wright, A. Miller & M. Kane, *supra* at §§ 2682 and 2683, and W.R.C.P. 55(a) and (b). Entry of default is normally a clerical act which may be performed by the clerk of court, and it does not constitute a judgment. The entry of default generally forecloses the party found to be in default from making any further defense or assertion with respect to liability or an asserted claim. *Zweifel v. State ex rel. Brimmer*, 517 P.2d 493 (Wyo.1974); 10 C. Wright, A. Miller & M. Kane, *supra* at § 2688. Although the entry of default generally establishes the fact of liability according to the complaint, it does not establish either the amount or the degree of relief. *Adel v. Parkhurst*, 681 P.2d 886, 890

13

(Wyo.1984); 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 55.03[2] (2d ed.1988).

*Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo. 1989).

[¶34] In *Spitzer*, we observed that the scope of discretion afforded a court in determining whether a hearing is necessary before entering a default judgment in a divorce action "does not extend to the entry of a default judgment where the damages are not liquidated or articulated with certainty." *Spitzer*, 777 P.2d at 593. We explained:

> Essentially, [Wyo. Stat. Ann. 20-2-114] assigns to the court the function of making a just and equitable disposition of the property of the parties, and it allows for the provision of reasonable alimony. In order to accomplish its function under the statute, the court must have adequate information regarding the nature and extent of the property of the parties, including specific information identifying the property, such as record ownership to titled or real property. Additionally, in making an alimony award, the court must have information regarding the ability to pay. ***Where this information is essential for the entry of a proper judgment, the court abuses its discretion by simply entering a form of judgment tendered by one of the parties***.

*Spitzer*, 777 P.2d at 593 (emphasis added).

[¶35] Based upon the foregoing, it is clear that the defect Ms. Linch's claims allege in the district court's judgment is an abuse of discretion in its entry of the default judgment without taking evidence on the questions of irreconcilable differences and property distribution. These are alleged errors in the district court's exercise of its jurisdiction, not allegations that the court usurped power it did not have or extended the court's jurisdiction beyond the scope of its authority. *See Noonan v. Noonan*, 2005 WY 145, ¶¶ 7-8, 122 P.3d 964, 965-66 (Wyo. 2005) (setting aside default divorce pursuant to Rule 60(b)(6) based on court's abuse of discretion in failure to make required statutory findings). Thus, whether the district court erred or did not err in failing to take evidence, the alleged error does not affect the court's subject matter jurisdiction and is not properly asserted through a Rule 60(b)(4) motion to set aside the judgment as void.

## 4. *Change of Presiding Judge and Failure to Dismiss for Lack of Prosecution*

[¶36] Finally, we address Ms. Linch's argument that the district court's judgment may be void because 1) the judgment was not entered by the presiding judge to whom the case was originally assigned; and 2) the court did not act on its own motion to dismiss the

divorce action for lack of prosecution when the action twice sat dormant for months at a time. Ms. Linch provides no authority to support her assertion that either of these occurrences could affect the district court's subject matter jurisdiction or otherwise render the court's judgment void. We therefore do not consider the argument any further. *See Apodaca v. Safeway, Inc.*, 2015 WY 51, ¶ 16, 346 P.3d 21, 24 (Wyo. 2015) (declining to consider argument not supported by proper citation of authority and cogent argument).

## CONCLUSION

[¶37] W.R.C.P. 60(b)'s time limitations do not generally apply to Rule 60(b)(4) motions to set aside a judgment as void, and the district court thus erred in rejecting Ms. Linch's Rule 60(b)(4) motion based solely on the delay in filing the motion. On review, however, we find that none of the defects Ms. Linch alleged in the district court's default judgment rendered the judgment void for lack of jurisdiction. We therefore affirm the district court's denial of the Rule 60(b)(4) motion.[3]

---

[3] Because we have affirmed the district court's denial of Ms. Linch's Rule 60(b)(4) motion, we do not consider Mr. Linch's alternative argument that Ms. Linch should be estopped from challenging the divorce decree on the ground that she has sought to benefit from the judgment. Additionally, we are not able to certify that there was no reasonable cause for Ms. Linch's appeal, and we therefore decline Mr. Linch's request that he be awarded attorney fees pursuant to W.R.A.P. 10.05.